ISHMAIL MUSLIM ALI (Formerly ISHMAEL X. La BEET)

v.

WINSTON GIBSON, Commissioner of Public Safety
Ishmail Muslim Ali a/k/a Ishmael X. La Beet, Appellant

No. 77-1524

United States Court of Appeals

Third Circuit

Submitted December 5, 1977

Filed March 1, 1978

MR. ISHMAIL M. ALI (LA BEET), U.S. Penitentiary, Marion, Illinois, *for appellant*

EDGAR D. ROSS, ESQ., Office of the Attorney General of the Virgin Islands, St. Thomas, V.I., *for appellee*

Before ADAMS, ROSENN, and HUNTER, *Circuit Judges*

OPINION OF THE COURT

ROSENN, *Circuit Judge*

In this appeal we are presented with the question of whether the district court for the Virgin Islands has juris-

diction to issue a writ of habeas corpus in favor of a prisoner sentenced by it who is incarcerated outside of the territorial limits of the Virgin Islands. The district court held that it had no jurisdiction over such a case and dismissed. We reverse.

## I.

Ishmail Muslim Ali ("petitioner") was convicted under the name of Ishmael X. La Beet in St. Croix, Virgin Islands, of eight counts of first degree murder, four counts of first degree assault, and two counts of robbery. He was sentenced to consecutive life sentences on each of the murder charges as well as to fifteen years on each of the other charges, to run concurrently with the life sentence imposed on the first murder count.

After sentencing, petitioner was transferred from the Virgin Islands to the Federal Correctional Facility at Atlanta, Georgia, in the United States, pursuant to a contractual agreement between the United States Bureau of Prisons and the Commissioner of Public Safety of the Virgin Islands.[1] To alleviate the alleged illegal conditions of his confinement, the petitioner instituted this habeas corpus action.

Petitioner brought suit under 28 U.S.C. § 2241 (1970) against Winston Gibson ("respondent"), the Commissioner of Public Safety for the Virgin Islands, asking that the respondent be ordered to produce petitioner's body in the district court for the Virgin Islands. Respondent has penal

---

[1] The Commissioner of Public Safety is charged with the custodial responsibility of persons convicted of crimes in the Virgin Islands. He has statutory authority to transfer prisoners from the Virgin Islands to the United States but retains constructive custody of the prisoner.

The Commissioner is . . . authorized to use the facilities of the United States Bureau of Prisons in accordance with agreement between the Virgin Islands and the United States Department of Justice when the Commissioner determines that detention and/or correctional facilities within the Virgin Islands are inadequate to serve the best interests of the inmate or the general welfare of the Territory.

1A V.I. Code Ann. tit. 5, § 4501 (Supp. 1976).

authority over persons convicted of crimes in the Virgin Islands; it was at the request of his predecessor that the petitioner was incarcerated in the Atlanta Correctional Facility. Petitioner alleged that he was facing cruel and unusual punishment by virtue of the conditions at the Atlanta facility, including: (1) overcrowding of prisoners; (2) racial tension among the prisoners and guards; (3) easy availability of drugs; (4) homosexuality and rape; (5) brutality by prison guards; and (6) cruelty to prisoners.

As a supplemental ground for his claim of cruel and unusual punishment, petitioner alleged that his imprisonment in Atlanta was so far removed geographically from his home that it was nearly impossible for his family to visit and that during their rare visits, his family was subjected to harassment by prison officials. He further alleged that he was being discriminated against because of his crime and that he had never been given any physical examination upon entry to the prison. Additionally, petitioner alleged that he was segregated into an isolation cell without adequate justification, with the result that he was unable to practice his religion by attending religious services regularly; that he was forced to eat pork against his religious beliefs; and that he was denied access to educational classes, vocational training, and to the hospital for elective surgery. He also stated his belief that his life was in danger, that attempts on his life had been made, and that his complaints to prison officials about these and other conditions had been ignored. Petitioner supported his allegations with affidavits of other prisoners of the Atlanta facility.

In addition to the habeas corpus petition, petitioner also asked for injunctive relief to be entered and for an order to transfer him back to the Virgin Islands. He subsequently amended his complaint to encompass other fed-

eral remedies as well.[2] All of these claims are in essence tied to the theory that petitioner's imprisonment in Atlanta was made unlawful because it was unauthorized by the law of the Virgin Islands. Petitioner claims that respondent's authority to transfer prisoners to the federal system is limited to cases which "serve the best interests of the inmate."[3] He contends that when conditions at the federal facility place the inmate's life in danger and subject him to terrible circumstances, no transfer can legally be made and the prisoner must be returned to the Virgin Islands.

The respondent moved to have the petitioner's habeas corpus and other claims dismissed for lack of jurisdiction. This motion was granted by the district court in an order entered on November 4, 1976, which held that the district court for the Virgin Islands had no jurisdiction over a habeas corpus petition of a prisoner imprisoned outside of the territorial jurisdiction of the Virgin Islands. On March 2, 1977, petitioner's motion for reconsideration was denied for the reasons stated in the November 4, 1976, order. This appeal was filed March 8, 1977. Following notice of appeal, sometime in the spring of 1977, petitioner was transferred from the United States Penitentiary in Atlanta, Georgia, to the penitentiary in Marion, Illinois. Respondent filed a motion with this court to dismiss this appeal as moot. The motion was denied by panel decision on August 22, 1977.[4]

---

[2] 28 U.S.C. § 1651 (1970) (the All Writs Act); 28 U.S.C. § 2254 (1970) (habeas corpus for state prisoners); 28 U.S.C. § 2255 (1970) (correction of sentence). In addition, the petitioner as a pro se litigant asked the court to exercise its own review powers to find any other applicable statutes, in the interest of justice.

[3] See n.1, supra.

[4] The respondent's motion claimed that petitioner's habeas corpus claim had become moot because it was based in large part on conditions in Atlanta, Georgia, which could no longer be relevant after the transfer of petitioner to Marion, Illinois. See, e.g., Lewis v. D.C. Dept. of Corrections, 533 F.2d 710, 711 (D.C. Cir. 1976) (per curiam); Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974). Petitioner opposed this motion stating that, if anything, his claims were made stronger by the transfer, for the conditions at Marion were even worse, especially his confinement to an "experimental behavior modification program" and the further distance from his family.

Therefore, we must still face the question of whether the district court has jurisdiction.

## II.

In deciding it was without jurisdiction to grant a writ of habeas corpus, the district court relied on our decision in Ruiz v. United States, 5 V.I. 616, 365 F.2d 500 (3d Cir. 1966), in which we held that "the district court would not have jurisdiction to issue a writ of habeas corpus, regardless of the merits of the application" if the petitioner is not held in custody in the Virgin Islands. 365 F.2d at 502. In Ruiz we accurately stated the principles governing habeas corpus jurisdiction which existed at the time, under 28 U.S.C. § 2241 (1970).

The seminal case governing the question of territorial jurisdictional limits in habeas corpus was Ahrens v. Clark, 335 U.S. 188 (1948). Petitioners, 120 Germans being held for deportation in New York under an order of the Attorney General, filed a writ of habeas corpus under section 2241 in the district court for the District of Columbia. The district court dismissed the action, stating that it had no jurisdiction over the New York petitioners. The Supreme Court affirmed, enunciating the general rule that jurisdiction is ordinarily based on the territorial limits of the court and that merely having jurisdiction over the custodian is insufficient to give a court jurisdiction under section 2241.[5]

---

This court denied respondent's motion. We are constrained by that decision from expressing any view on the mootness issue, but we state that our prior holding was limited to the conditions as they existed at the time of the motion. Respondent may renew the mootness request on remand if the conditions now indicate that petitioner's position has materially changed.

[5] The court's decision was based solely on an interpretation of the language of the statutory habeas provisions. The court was faced with the meaning of the language of section 2241 providing that "[w]rits of habeas corpus may be granted [by certain courts] *within their respective jurisdictions.*" 28 U.S.C. § 2241(a) (1970) (emphasis supplied). In reviewing past decisions, the legislative history, and the purpose of the habeas provision, the Court concluded that "respective jurisdictions" was meant to refer to territorial jurisdictions and that the physical absence of the petitioner from the territory of the court was an absolute jurisdictional bar.

335 U.S. at 190. This, indisputably, was the law until 1973, when the Court decided Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

In Braden, petitioner, imprisoned in Alabama, applied to the district court for the Western District of Kentucky for a writ of habeas corpus to compel Kentucky to grant him a speedy trial on an indictment which Kentucky had lodged as a detainer with Alabama. The district court granted the writ but was reversed by the Court of Appeals for the Sixth Circuit on the basis of Ahrens v. Clark, supra. The Supreme Court reinstated the judgment of the district court, holding that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him . . . ." 410 U.S. at 494–95. The Court observed that when the language of section 2241(a) is read literally, it requires nothing more than that "the court issuing the writ have jurisdiction over the custodian." Id. To the extent that Ahrens was deemed as compelling a different result, the Court undercut its authority, stating that it could no longer be viewed as an inflexible jurisdictional rule, but only as a statement of the power of the court to transfer an action to a more convenient forum. Id. at 499–50. See Park v. Thompson, 356 F.Supp. 783, 786 (D. Hawaii 1973).

Braden would thus seem to control this appeal. That conclusion, however, is premature, for Braden addressed only the meaning of federal habeas corpus statutes. Although petitioner styled his motion for habeas corpus under 28 U.S.C. § 2241(a) (1970), that statute cannot serve as a basis for habeas corpus jurisdiction in a suit brought in the district court for the Virgin Islands.

 Section 2241(a) states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge . . . ." District courts, as used in this section, "mean the courts

constituted by chapter 5" of the code. 28 U.S.C. § 451 (1970). The District Court for the Virgin Islands is not such a court. See 28 U.S.C. §§ 81–131 (1970). This action, therefore, could not be brought under the federal habeas corpus statute and Braden does not control. In order for the district court to take this case, jurisdiction must be found under another provision.

■ Petitioner is a pro se litigant who has asked that his position be liberally construed. In so doing, we hold that he has stated a claim for habeas relief under Virgin Islands law. See 1A V.I. Code Ann. tit. 5, § 1301 (1967).[6] We now face the question of whether, under Virgin Islands law, jurisdiction is to be determined by the Ahrens rule— territorial jurisdiction over the person detained—or by the Braden rule—jurisdiction over the person of the custodian.

The only relevant case, we have discovered, discussing this particular question, is Ruiz v. United States, supra. In Ruiz a prisoner, sentenced by the district court of the Virgin Islands, incarcerated in Atlanta, Georgia, moved for correction of his sentence under 28 U.S.C. § 2255 (1970) in the district court for the Virgin Islands. Subsequently, he filed a motion for "habeas corpus ad subjuciendum." 365 F.2d at 502. Without discussing under which habeas statute petitioner applied, we held that the district court had no jurisdiction over petitioner because he was outside of the territorial jurisdiction of the court. Id. Because this holding does not specify under which habeas provision the claim was made, it has limited controlling effect on us in the instant appeal. Without controlling precedent on the question of Virgin Islands law, we must decide as a matter of first impression whether the district court of the Virgin Islands has jurisdiction

---

[6] Section 1301 provides that "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." 1A V.I. Code Ann. tit. 5, § 1301 (1967).

under 1A V.I. Code Ann. tit. 5 § 1301 (1967) to issue a writ of habeas corpus, when the petitioner is imprisoned elsewhere. We turn to that code for guidance.

■ Section 1301 does not specifically address the question of jurisdiction; it provides only that "[e]very person unlawfully imprisoned or restrained of his liberty . . . may prosecute a writ . . . ." We have found no relevant legislative history as to whether territorial jurisdiction over the petitioner is necessary to issue the writ. We are persuaded in the absence of any such history that the rule enunciated in Braden, supra, is the better rule and we adopt it for actions brought under section 1301. We are fortified in our conclusion by another section of the code which provides that the "writ *shall be directed to the person having custody of or restraining* the person on whose behalf the application is made . . . ." 1A V.I. Code Ann. tit. 5 § 1305 (1967) (emphasis supplied). There is no question that good service was made on the respondent, nor is there a question that the respondent has at least constructive custody of the petitioner. We hold, therefore, that the district court had jurisdiction over the petitioner's claim and that it erred in dismissing the petition.

We believe that the result we reach is salutary and, in the present state of the law, necessary. No other district court of the United States may be able to exercise jurisdiction over the petitioner's claims under 28 U.S.C. § 2241, for that section is limited to habeas corpus relief primarily for those held in violation of federal law or the constitution. The petitioner's claims may not make out such a case inasmuch as he alleges violations of the Virgin Islands Code. Therefore, unless the territorial court in the Virgin Islands has jurisdiction to hear the petitioner's claims, which are directed against the Commissioner of Public Safety for the Virgin Islands, petitioner would be

without a forum. Such a situation would be undesirable under modern jurisprudence.[7]

## III.

■■ On remand, the district court must decide what process to issue in regard to petitioner's claims.[8] The Virgin Islands Code provides that the person under restraint must be produced before the court for a hearing. 1A V.I. Code Ann. tit. 5, § 1309 (1967). This requirement appears to apply to the petitioner even though he is confined in Marion, Illinois, pursuant to consecutive life sentences on murder charges and severe sentences on other

---

[7] In view of the difficulties which confront a prisoner convicted in the Virgin Islands but incarcerated in the facilities of the United States Bureau of Prisons to seek habeas corpus relief from the conditions of his confinement, the Virgin Islands legislature and the Congress of the United States might consider appropriate legislation dealing with the problem presented in this appeal.

[8] Although we hold that the district court has jurisdiction over this petition, the district court may explore the possibility of applying the doctrine of forum non-conveniens. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499–500 (1973), specifically comprehends that "in many instances the district court in which petitioners are held will be the most convenient forum for the litigation of their claims." That seems to be certain here, where the petitioner and all of the witnesses are housed either in Illinois or Georgia and the trial court is in the Virgin Islands. A serious question may be raised, however, as to whether the doctrine can be applied in the instant case.

The convenient court to which an action is transferred must have subject matter jurisdiction over the claims of the parties. This action arises under a statute of the Virgin Islands, over which other federal courts do not have subject matter jurisdiction. Moreover, federal habeas corpus under 28 U.S.C. § 2241 may not be available to the petitioner. Petitioner's claim is primarily based on the laws of the Virgin Islands, under which he contends his incarceration outside of the Virgin Islands is illegal. See p. 552, supra & n.1, supra. Therefore, his claim is not strongly based on any violation of federal law or the constitution. Section 2241(c) of 28 U.S.C. limits the grant of the writ only to cases in which a federal interest is shown; e.g., (1) custody under color or law of the United States; (2) custody pursuant to an Act of Congress or an order of a court of the United States; (3) custody in violation of the Constitution or laws of the United States; (4) custody under the order or sanction of a foreign state, the validity of which depends on the law of nations; and (5) custody, when there is a necessity to bring the petitioner into court to testify.

Arguably, petitioner's claim does not fall within any of these categories. At most his claims rise to a possible habeas attack on the conditions of confinement, cognizable in a federal habeas action only in extreme cases. See Willis v. Ciccone, supra, 506 F.2d at 1014–15; Konnigsberg v. Ciccone, 285 F.Supp. 585, 589 (W.D. Mo. 1968), aff'd, 417 F.2d 161 (8th Cir. 1969), cert. denied, 397 U.S. 963 (1970).

charges, and his presence in the Virgin Islands for hearing poses certain risks and burdens.

As to relevant witnesses, their transportation from Illinois or Georgia to the Virgin Islands will in all probability prove expensive and, if some are prisoners, hazardous as well. The court may therefore consider utilizing the most convenient method for taking the testimony of witnesses consistent with Rule 43, Fed. R. Civ. P., and the V.I. Code, given the inconvenience of the forum. The court has full power and authority to require all that is necessary "to a full and fair hearing and determination of the case."

## IV.

The order of the district court dismissing petitioner's motion for habeas corpus will be reversed. We remand this case for proceedings not inconsistent with this opinion.