**Pedro BENNETT, Jr., Appellant,**

v.

**Arturo SOTO, Chairman of Parole, Edwin Potter, Director of Bureau of Correction, Clavin R. Edwards, Warden of Lewisburg Prison.**

No. 87–3696.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
April 22, 1988.

Decided June 24, 1988.

Pedro Bennett, Jr., pro se.

Godfrey R. de Castro, Atty. Gen., Michael W.L. McCrory, Asst. Atty. Gen., Rosalie Simmonds Ballentine, Sol. Gen., Dept. of Justice, Charlotte Amalie, St. Thomas, U.S. V.I., for appellees.

Before SEITZ, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

*FACTS AND PROCEDURAL POSTURE*

Appellant Pedro Bennett, Jr. appeals from the district court's denial of his pro se habeas corpus petition seeking to challenge the discretionary decision by the Virgin Islands Board of Parole revoking his parole.

Bennett is presently incarcerated in the federal penitentiary at Lewisburg, Pennsylvania, where he is serving a fifteen-year sentence imposed by the District Court of the Virgin Islands following his conviction for assault and use of a weapon in the commission of a crime.[1] Bennett committed this crime while he was on parole granted by the Virgin Islands Board of Parole after he had served part of his sentence for a 1969 conviction for first degree murder. Bennett had been charged in 1984 on an assault and weapon offense while on parole, and had been acquitted.

He was again charged in 1985 with a separate assault and weapon charge. Following his conviction on this charge, he was notified that there would be a hearing on revocation of his parole on the murder charge. Bennett was transported to the Virgin Islands for that hearing which he attended, along with an attorney. Thereafter, Bennett's parole was revoked on the ground that he failed to follow the rules of his parole in that he was convicted of assault while on parole for murder. As a result of the revocation, once Bennett finishes serving his prison sentence on the assault conviction, he will be required to serve the remainder of the sentence imposed on the earlier murder conviction.

Bennett petitioned the District Court of the Virgin Islands for a writ of habeas corpus. In his petition, Bennett challenged, *inter alia*, the constitutionality of the procedure for parole revocation and specifically the procedure followed in his case, the ineffectiveness of his counsel at the parole revocation hearing, and the conduct of the Assistant Attorney General in referring to the earlier assault charge. His petition also referred to the absence of Virgin Islands law books at Lewisburg. Although Bennett's petition expressly stated that the ground for jurisdiction was 28 U.S.C. § 2241, the district court considered the petition as one under 28 U.S.C. § 2255. The court stated that because Bennett's petition did not question the validity of the conviction on which he was currently incarcerated, it was not properly brought under 28 U.S.C. § 2255. The district court denied the petition, and Bennett appeals.

### II.

*JURISDICTION OF THE DISTRICT COURT*

■ The Government of the Virgin Islands concedes that the district court erred in its determination to consider the petition as a section 2255 motion. The jurisdictional authority of 28 U.S.C. § 2255 is limited to challenges to the legality of a sentence and does not encompass the power to entertain a claim of wrongful revocation of pa-

---

1. The Director of Corrections in the Virgin Islands is authorized to utilize United States prison facilities in accordance with an agreement between the Virgin Islands and the United States Department of Justice "when the Director determines that detention and/or correctional facilities within the Virgin Islands are inadequate to serve the best interests of the inmate or the general welfare of the Territory." V.I.Code Ann. tit. 5, § 4503(g) (Supp.1986).

role. *See United States v. Addonizio,* 442 U.S. 178, 187, 99 S.Ct. 2235, 2241, 60 L.Ed. 2d 805 (1979) (section 2255 challenges the lawfulness of the sentence, not the lawfulness of the actions of the parole commission); *United States v. Ferri,* 686 F.2d 147 (3d Cir.1982) (challenge to constitutionality of Parole Commission's action does not fall under section 2255), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *Musto v. United States,* 571 F.2d 136, 140 (3d Cir.1978) (recognizing danger of expanding section 2255 jurisdiction to allow for review of individual parole decisions); *Wright v. United States Board of Parole,* 557 F.2d 74, 77 (6th Cir.1977) (section 2255 jurisdiction is limited to claims arising from an imposition of a sentence, not the execution of a sentence). Bennett is challenging the execution of his sentence in that he seeks review of the process by which the Parole Board revoked his parole. It was therefore error to treat his claim as one falling under the ambit of section 2255.

Ordinarily, a federal habeas corpus challenge to a parole board's decision is properly brought under 28 U.S.C. § 2241, the provision on which Bennett relies. *See Ferri,* 686 F.2d at 158; *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir.1979); *Andrino v. United States Board of Parole,* 550 F.2d 519, 520 (9th Cir.1977); *United States v. DiRusso,* 535 F.2d 673, 675 (1st Cir.1976); *Gomori v. Arnold,* 533 F.2d 871, 875 (3d Cir.), *cert. denied,* 429 U.S. 851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976); *Zannino v. Arnold,* 531 F.2d 687, 689 n. 5 (3d Cir.1976). However, in *Ali v. Gibson,* 572 F.2d 971, 974 (3d Cir.1978), this court held that the District Court of the Virgin Islands does not have the statutory authority to entertain a petition for habeas corpus based on section 2241. We reached that conclusion because the District Court of the Virgin Islands does not fall within the statutory definition of the term "district courts" as used in section 2241(a).

Bennett refers us to Congress' amendment of section 2255 to make that section applicable in the district courts in the Territories and possessions. *See* section 114 of the Act of May 24, 1949, Pub.L. No. 81–72,

63 Stat. 105 (striking out the words "court of the United States" from section 2255 and substituting the words "court established by Act of Congress"); H.R. No. 352, 81st Cong., 1st Sess. 18, *reprinted in* 1949 U.S.Code Cong. & Admin.News 1254, 1272; *see also United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 682 n. 1 (3d Cir.1954). However, there was no parallel amendment with regard to section 2241, and thus, as we held in *Ali,* there was no jurisdictional authority for the district court over Bennett's section 2241 claim.

However, Virgin Islands law does provide for maintenance of a writ of habeas corpus, V.I.Code Ann. tit. 5, §§ 1301–1325 (1967), and in *Ali* we held that the Virgin Islands statute authorizes a claim for relief against the custodian even when the petitioner is imprisoned elsewhere. 572 F.2d at 974. The custodian is the person responsible for the prisoner's incarceration and that term is not limited to the warden of the prison where the prisoner is located. The person responsible for revocation of Bennett's parole is Arturo Soto, Chairman of Parole, in his official capacity. As such, the case is properly brought against him. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973); *see also Jones v. Cunningham,* 371 U.S. 236, 243–44, 83 S.Ct. 373, 377–78, 9 L.Ed.2d 285 (1963). Because Bennett is proceeding pro se, his petition for habeas corpus must be construed liberally as having sought relief under the only statute available to him, the Virgin Islands habeas corpus statute. Therefore, the district court had jurisdiction over Bennett's petition.

■ Moreover, it was error for the district court to have ruled that Bennett was precluded from maintaining the petition on the ground that it did not challenge the sentence for the assault conviction Bennett was currently serving. *See Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968) (prisoner incarcerated under consecutive sentences may use habeas to challenge the validity of the sentence s/he is not yet serving). We must

therefore decide what disposition is now appropriate.

## III.

### FURTHER PROCEEDINGS IN THE DISTRICT COURT

The Government argues that it is not necessary for us to remand this matter to the district court because the procedures provided Bennett at his parole revocation hearing satisfy all of the relevant constitutional parameters. The district court never reached the merits of Bennett's petition for habeas corpus, and we believe it appropriate for it to do so in the first instance.

In the interests of judicial expediency, however, we reach the Government's argument that V.I.Code Ann. tit. 5, §§ 1309–1311 does not require Bennett's production in the Virgin Islands for the habeas proceeding. Such a construction of the statute, the Government continues, "would impose an intolerable burden upon the government and court system of the Virgin Islands." Appellee's brief at 11.

■ The Virgin Islands Code provides that once the writ is issued persons under restraint must be produced before a court for a hearing. V.I.Code Ann. tit. 5, §§ 1309, 1310. In *Ali,* we stated that "[t]his requirement appears to apply to [Ali] even though he is confined" outside the Virgin Islands "and his presence in the Virgin Islands for hearing poses certain risks and burdens." *Ali v. Gibson,* 572 F.2d at 975. We agree with the Government that that language does not require that in every habeas case before the district court, the petitioner must necessarily be produced.

Section 1309, requiring physical production of the prisoner, must be read in conjunction with section 1304, which provides that the court shall grant the writ without delay "if it appears that the writ ought to issue." A reasonable construction of sections 1304 and 1309 in tandem leaves some discretion in the district court to determine

whether production of the petitioner is required. For example, if the petition fails to set forth grounds that establish a basis for the issuance of the writ, there would be no reason to have a hearing. *Cf.* 28 U.S.C. § 2243 (writ need not issue [and hearing therefore not held] if "it appears from the application that the applicant or person detained is not entitled thereto").[2]

In this connection, the district court will have to distinguish between issues of law, which can be resolved without a hearing, and issues of fact, which will require a hearing only if the papers produced by the parties show that there is a genuine issue as to any material fact. Fed.R.Civ.P. 56 provides a useful vehicle for fleshing out whether there are genuine and material fact issues. *See Dr. Bernard Heller Foundation v. Lee,* 847 F.2d 83, 86 (3d Cir.1988) (Federal Rules of Civil Procedure applicable to the District Court of the Virgin Islands when sitting on cases under Virgin Islands law). We assume that the district court would exhaust all possibilities before requiring a hearing and the production of a Virgin Islands prisoner incarcerated abroad, provided that the petitioner is given the requisite notice of the procedure and an opportunity to show that a genuine material fact issue does exist. If it does, and if there are exigent circumstances that counsel against transporting the prisoner to the Virgin Islands, we do not discount the possibility that a hearing at the prison before a magistrate or a master appointed pursuant to Fed.R.Civ.P. 53 would satisfy section 1309.

## IV.

### CONCLUSION

For the reasons set forth above, we will vacate the district court's denial of the petition and remand this case to the district court for further proceedings consistent with this opinion.

---

2. The Virgin Islands legislature may wish to enact legislation embodying rules comparable to those governing habeas cases pending in the

United States District Courts. *See* Rules Governing Section 2254 [and 2255] cases in the United States District Courts.