

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2000

# Callwood v. Enos

Precedential or Non-Precedential:

Docket 98-7501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Callwood v. Enos" (2000). *2000 Decisions.* Paper 217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 13, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-7501

JAMES CALLWOOD,
        Appellant

v.

JERRY ENOS*, DIRECTOR, BUREAU OF CORRECTION;
CHESLEY ROEBUCK, CHAIRMAN OF V.I.
PAROLE BOARD

*Caption Amended -- See Clerk's Order of 11/19/99

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 97-cv-00167)
District Judge: Hon. Raymond L. Finch, Chief Judge

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2000

Before: SLOVITER, ROTH and STAPLETON, Circuit  Judges

(Filed: October 13, 2000)

James Callwood

 Appellant Pro Se

Iver A. Stridiron
Frederick Handleman
Robert W. Bornholt
Office of Attorney General
 of Virgin Islands
Department of Justice
Charlotte Amalie, St. Thomas,
 U.S. V.I. 00802

 Attorneys for Appellees

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This case, along with two others recently presented to the court, raises important issues concerning the jurisdiction of the courts in the Virgin Islands over habeas corpus petitions. Here, James Callwood appeals the order of the District Court of the Virgin Islands denying his pro se petition for a writ of habeas corpus in which he challenges the failure of the Virgin Islands Director of Corrections to recommend him to the Virgin Islands Board of Parole for an early parole eligibility date to which he claims he is entitled by statute.

I.

Background

At approximately 11:30 p.m. on August 21, 1983, Callwood and his accomplice, Irvin Smith, broke into the home of John Bruggeman. Callwood was armed with a sawed-off shotgun and Smith with a machete. Bruggeman was asleep in the bedroom, and when he woke up and reached for the table, Callwood shot and killed him. [1] On

_____

1. The underlying facts of the crime are taken from the transcript of Callwood's plea hearing and therefore reflect the facts as admitted by Callwood at the time of his plea. Although Callwood was a juvenile (16) at the time of his arrest, he was transferred on August 26, 1983 to adult status pursuant to V.I. Code Ann. tit. 4, S 176.

September 28, 1983, Callwood pled guilty in the District Court of the Virgin Islands to second degree murder in violation of territorial law, V.I. Code Ann. tit. 14, S 922. He was sentenced to 40 years imprisonment. In 1984, he was sentenced to an additional 5 years for an earlier escape from custody. Since 1984, Callwood has been serving his sentence as a contractual-boarder in the United States federal penitentiary in Lewisburg, Pennsylvania, and more recently in Edgefield, South Carolina.[2]

Callwood filed a petition in the District Court of the Virgin Islands pursuant to 28 U.S.C. S 2255 in 1984 and again in 1989 in which he challenged the imposition of his sentence, seeking an order setting aside the sentence. He also filed a motion seeking to amend his S 2255 petitions. The two petitions, as well as the proposed amended petition, were denied on the merits by the District Court. We affirmed the denial on appeal by memorandum opinion dated January 2, 1991.

On November 6, 1997, Callwood filed the pro se petition that is the subject of this appeal. In this petition, he alleges that he is in custody in violation of his rights under a Virgin Islands statute and the Due Process Clause of the United States Constitution, made applicable to the Virgin Islands by 48 U.S.C. S 1561, because the Virgin Islands Bureau of Corrections has failed to recommend him for early parole eligibility under V.I. Code Ann. tit. 5, S 4601. That section of the Virgin Islands Code provides:

> Except for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined in any penitentiary, jail or prison for a violation of the Virgin Islands law for a definite term or terms of over 180 days or for the term of his natural life, whose

_____

2. The Attorney General of the Virgin Islands is authorized by local statute to enter into agreements to use the correctional or detention facilities of the United States Bureau of Prisons when the Attorney General determines that "detention and/or correctional facilities within the Virgin Islands are inadequate to serve the best interest of the inmate or the general interest or welfare of the Territory," provided that certain education and/or vocational program requirements are met. See V.I. Code Ann. tit. 5, S 4503(c).

3

record of conduct shows that he has observed the rules of the institution in which he is confined, upon recommendation of the Director of the Bureau of Corrections supported by the recommendation of a psychiatrist and/or psychologist, may be released on parole after serving one-half of such term or terms or after serving 15 years of a life sentence or of a sentence of 30 years or more or after serving the minimum sentence required by law, whichever is greater; Provided, however, That the Board of Parole, in its discretion by at least a two-thirds affirmative vote of all its members, upon recommendation by the Directors of the Bureau of Corrections, supported by the recommendation of a psychiatrist and/or psychologist, is authorized to fix an earlier eligibility date for the release of a prisoner on parole after serving one-third of his term or terms or after serving 10 years of a life sentence or of a sentence of 30 years or more .

V.I. Code Ann. tit. 5, S 4601 (emphasis added).

Callwood has served over 10 years of his 45-year sentence, and, as we construe his petition, he now seeks a recommendation by the Directors of the Bureau of Corrections to the Board of Parole so that the Board of Parole can exercise its discretion in fixing a date for his release on parole.

By letter dated June 23, 1997, the warden at the Lewisburg penitentiary, where Callwood was housed at the time he filed his petition, informed the Virgin Islands Bureau of Corrections of Callwood's desire for parole consideration. In the letter, the warden stated that Callwood has completed 10 years of his sentence and that "[a] psychological evaluation completed on May 2, 1997, indicates Inmate Callwood is an individual capable of maintaining responsible and regulation abiding behavior." The letter was accompanied by Callwood's Progress Report, issued by the United States Department of Justice, Federal Bureau of Prisons. By letter dated July 8, 1997, another warden of the Lewisburg penitentiary informed the Virgin Islands Board of Parole of the same. Callwood has heard no response from either the Virgin Islands Directors of Corrections or Board of Parole. In his petition, Callwood

4

requests that the court "[o]rder that the Bureau of Correction fix an earlier parole eligibility date under 5 V.I.C. 4601, thereby ordering the V.I. Parole Board to grant [Callwood] a hearing to consider his release on parole." Pet. filed Nov. 6, 1997, at 10.

The District Court transferred the petition to this court to be treated as an application to file a second or successive petition under 28 U.S.C. S 2255. See 28 U.S.C. S 2244 (requiring an order of the court of appeals authorizing the district court to consider a second or successive petition under S 2255). On March 31, 1998, we issued an order stating the following:

> The foregoing application to file a successive 28 U.S.C. S 2255 motion is denied as unnecessary. Because petitioner wishes to challenge parole processes, he must proceed under V.I. Code Ann. tit. 5, SS 1301–1325. Bennett v. Soto, 850 F.2d 161, 163 (3d Cir. 1988). The clerk is directed to transfer the petition to the District Court of the Virgin Islands. The district court shall hear the petition in accordance with V.I. Code Ann. tit. 5, SS 1301–1325.

By order dated May 19, 1998, the District Court denied Callwood's petition on the merits. Callwood timely appealed.

II.

Discussion

A.

We begin our discussion with an inquiry into the jurisdiction of the District Court of the Virgin Islands over Callwood's petition, an inquiry that is also relevant to our own jurisdiction over the appeal.

Article IV, S 3 of the United States Constitution authorizes Congress to establish "all needful Rules and Regulations respecting the Territory or other Property belonging to the United States," including the Virgin Islands. U.S. Const. art. IV, S 3, cl.2; see also Brow v.

5

Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). Pursuant to that authority, Congress enacted the Revised Organic Act of 1954, 48 U.S.C. SS 1541-1645, which serves as the Constitution of the Virgin Islands and establishes the jurisdiction of its courts.3 The Revised Organic Act originally vested the District Court of the Virgin Islands with the jurisdiction of the district courts of the United States "in all causes arising under the Constitution, treaties and laws of the United States . . . ." Act of July 22, 1954, ch. 558, S 22, 68 Stat. 497. The Act also vested the District Court of the Virgin Islands with general original jurisdiction over all other matters in the Virgin Islands, subject to the exclusive jurisdiction of the local courts over civil actions in which the amount in controversy was less than $500 and over criminal actions for local offenses in which the maximum punishment did not exceed six months in prison or a $100 fine. Under this jurisdictional framework, the District Court of the Virgin Islands heard the majority of cases brought in the Virgin Islands, whether those cases were brought under federal law or local law, civil law or criminal law. See Carty v. Beech Aircraft Corp. , 679 F.2d 1051, 1057 (3d Cir. 1982) (explaining jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act of 1954 as "more like a state court of general jurisdiction than a United States district court").

In 1984, Congress rewrote the jurisdictional provisions of the Revised Organic Act, which set in motion a restructuring of the Virgin Islands judicial system. As we explain in today's decision in Walker v. Government of the Virgin Islands, ___ F.3d ___ (3d Cir. Oct. ___, 2000), in enacting the 1984 amendments to the Revised Organic Act, Congress "affirmatively bestow[ed] on the District Court of the Virgin Islands the entire jurisdiction of a District Court of the United States . . . ." Id. at ___; see 48 U.S.C. S 1612(a). Moreover, in enacting the 1984 amendments, Congress gave the Virgin Islands legislature the power to vest jurisdiction over local actions exclusively in the local courts. See 48 U.S.C. S 1612(b); 48 U.S.C. S 1611(b); Estate

_____

3. For a detailed account of the judicial system in effect in the Virgin Islands prior to the Revised Organic Act of 1954, see Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1053-55 (3d Cir. 1982).

Thomas Mall, Inc. v. Territorial Court of Virgin Islands, 923
F.2d 258 (3d Cir. 1991) [caption of case amended 4/19/95].

On September 5, 1990, the Virgin Islands legislature
exercised that power, enacting legislation, effective October
1, 1991, that vests original jurisdiction over all local civil
actions in the Territorial Court of the Virgin Islands. See
V.I. Code Ann. tit. 4, S 76(a). Since October 1, 1991,
therefore, all civil actions that are based on local law and
that do not satisfy diversity jurisdiction requirements must
be brought in the Territorial Court of the Virgin Islands,
with a few exceptions. See 48 U.S.C. S 1612; Brow, 994
F.2d at 1034 (3d Cir. 1993) (explaining the effect of V.I.
Code Ann. tit. 4, S 76(a) on the jurisdiction of the District
Court of the Virgin Islands over civil actions).

Effective January 1, 1994, the Virgin Islands legislature
also vested original jurisdiction in the Territorial Court over
all local criminal actions. See V.I. Code Ann. tit. 4,
S 76(b)(1) & (c). However, under S 22 of the Revised Organic
Act, the District Court of the Virgin Islands retains
concurrent jurisdiction with the Territorial Court over
criminal actions in which the local crimes charged are
related to federal crimes. See 48 U.S.C.S 1612(c); United
States v. Hodge, 211 F.3d 74, 75 n.1 (3d Cir. 2000) (noting
jurisdiction of the District Court of the Virgin Islands under
48 U.S.C. S 1612 and 4 V.I.C. S 32 over prosecution of
defendant for both federal and territorial crimes). Thus, as
a general matter, since January 1, 1994, the Territorial
Court has had jurisdiction over criminal actions that are
based solely on violations of local law, subject to the limited
concurrent jurisdiction of the District Court.

Pursuant to the system in place in 1983, Callwood's
criminal proceedings, including the taking of his guilty plea
and sentencing, took place in the District Court of the
Virgin Islands. His conviction, however, is for violation of
territorial criminal law, and the Virgin Islands is
responsible for execution of his 45-year sentence, including
his eligibility for parole. Had Callwood been prosecuted
after January 1, 1994, in all likelihood his criminal
proceedings would have taken place in the Territorial Court
rather than the District Court of the Virgin Islands.

7

With this statutory framework in mind, we turn to the jurisdictional issue presented in this case: whether the District Court of the Virgin Islands has jurisdiction over Callwood's habeas petition challenging the execution of his sentence, i.e. his eligibility for parole. We hold that it does, but not on the basis to which we referred in our March 31, 1998 order in this case.

B.

Given the significant jurisdictional changes instituted by the 1984 amendments to the Revised Organic Act and subsequent Virgin Islands legislation, we revisit the statement in our March 31, 1998 order that "[t]he district court shall hear [Callwood's writ of habeas corpus] petition [challenging his parole status] in accordance with V.I. Code Ann. tit. 5, SS 1301-1325." As we have been directed, "An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." Mitchell v. Maurer, 293 U.S. 237, 244 (1934); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Sections 1301-1325, tit. 5, of the Virgin Islands Code provide for the availability of the writ of habeas corpus. In particular, S 1303 states that "[t]he writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty." V.I. Code Ann. tit. 5, S 1303.

In stating in the March 31, 1998 order that the District Court had jurisdiction over Callwood's petition under the territorial habeas corpus provisions, we relied on our holding in Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988), that a prisoner's challenge to his parole status was properly brought under SS 1301-1325 in the District Court of the Virgin Islands. Although the district court in Bennett did have jurisdiction over Bennett's petition under S 1303, because of subsequent statutory changes the District Court in this case does not have jurisdiction under that section over Callwood's petition. Bennett's petition was filed before

8

October 1, 1991, the effective date of the territorial statute that vested jurisdiction over local civil actions in the Territorial Court. See V.I. Code Ann., tit. 4, S 76(a). Callwood's petition, in contrast, was filed on November 6, 1997, after the effective date of S 76(a).

A suit seeking a writ of habeas corpus, although admittedly somewhat of a hybrid, is considered civil in nature. See Santana v. United States, 98 F.3d 752, 754 (3d Cir. 1996). Accordingly, by operation of S 76(a), as of October 1, 1991 the District Court of the Virgin Islands was divested of jurisdiction to consider petitions for writs of habeas corpus under territorial habeas corpus law. We have previously held that to the extent that Virgin Islands Code provisions vest jurisdiction in the District Court, they have been implicitly repealed. See Tamarind Resort Assocs. v. Government of the Virgin Islands, 138 F.3d 107, 114 (3d Cir. 1998) (holding that V.I. Code Ann. tit. 5, S 76(a) implicitly repealed a writ-of-review provision that provided for jurisdiction in the District Court); Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins, 70 F.3d 270, 273 (3d Cir. 1995) (same). It follows that to the extent that S 1303 vests jurisdiction in the District Court over a habeas corpus action brought under that section, it too has been repealed.

The issue whether, under these circumstances, S 1303 should be interpreted to provide for jurisdiction in the Territorial Court in lieu of the District Court is not before us in this case.4 We hold only that the District Court of the Virgin Islands does not have jurisdiction underS 1303 over petitions filed under that section after October 1, 1991, and thus that that section does not confer jurisdiction on the District Court in this case.

C.

The fact that the District Court does not have jurisdiction

_____

4. In Parrott v. Government of the Virgin Islands, ____ F.3d ____ (3d Cir. Oct. ___, 2000), filed herewith, this court holds that S 1303 is to be construed to provide the Territorial Court with jurisdiction over habeas petitions.

under the local statute does not end our jurisdictional inquiry. Rather, we must also consider whether the District Court of the Virgin Islands has jurisdiction pursuant to 28 U.S.C. S 2241, the federal habeas statute under which a prisoner may challenge parole proceedings. See United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982); see also Bennett, 850 F.2d at 162-63 ("The jurisdictional authority of 28 U.S.C. S 2255 is limited to challenges to the legality of a sentence and does not encompass the power to entertain a claim for wrongful revocation of parole.").

Before the 1984 amendments, the District Court of the Virgin Islands lacked the authority to issue writs under S 2241 because the "district courts" that are authorized to entertain writs under that section are defined in Title 28 as "courts constituted by chapter 5 of [Title 28]." 28 U.S.C. S 451. The District Court of the Virgin Islands is not such a court, see 28 U.S.C. SS 81-131, and therefore we held in Ali v. Gibson, 572 F.2d 971, 974 (3d Cir. 1978), that it did not have authority to issue writs under S 2241.5 As we explain in detail in Walker, however, in enacting the 1984 amendments to the Revised Organic Act, Congress gave the District Court of the Virgin Islands the authority to issue writs of habeas corpus even though it is not a "district court[ ]" within the meaning of Title 28 of the United States Code. Walker was convicted in the Territorial Court for territorial crimes. He filed a petition for a writ of habeas corpus in the District Court of the Virgin Islands challenging the imposition of his conviction and sentence by the Territorial Court. In Walker, we state that S 22 of the Revised Organic Act, as amended, "affirmatively bestows on the District Court of the Virgin Islands the entire jurisdiction of a District Court of the United States . . . ." Walker, ___ F.3d at ___; see also  48 U.S.C. S 1612(a)

_____

5. In contrast, since 1949 the District Court of the Virgin Islands has had jurisdiction under 28 U.S.C. S 2255 over petitions brought by prisoners challenging the imposition of sentences by that court because S 2255 authorizes courts "established by Act of Congress" to issue relief under that section. See United States ex rel. Leguillou v. Davis, 212 F.2d 681, 682 n.1 (3d Cir. 1954). Nothing in the 1984 amendments affects the authority of the District Court of the Virgin Islands to issue relief under
S 2255, where applicable.

10

(providing that the District Court of the Virgin Islands "shall have the jurisdiction of a District Court of the United States"). After extensive examination of the 1984 amendments, we conclude there that Congress intended for the District Court of the Virgin Islands to have jurisdiction under 28 U.S.C. S 2254 "where the petitioner is in custody serving a sentence of the Territorial Court," Walker, ___ F.3d at ___, even though S 2254, likeS 2241, refers to "district courts."

Applying the 1984 amendments to the Revised Organic Act to this case, we conclude that although the District Court of the Virgin Islands does not have jurisdiction over Callwood's petition under S 1303, the territorial habeas corpus provision, it does have jurisdiction under 28 U.S.C. S 2241.6 We have jurisdiction over Callwood's appeal from the District Court's final order denying the writ pursuant to 28 U.S.C. S 1291 and S 2253.7

_____

6. Callwood named Jerry Enos, the Director of the Virgin Islands Bureau of Corrections, and Chesley Roebuck, the Chairman of the Virgin Islands Parole Board, as respondents in his petition. At the time that he filed his petition, Callwood was imprisoned in a federal penitentiary in Lewisburg, Pennsylvania, and he is now imprisoned in a federal penitentiary in Edgefield, South Carolina. Given the unusual circumstances of prisoners convicted in the Virgin Islands for territorial crimes who are now housed in federal prisons on a contract basis and who are challenging the execution of their sentence, the Director of the Virgin Islands Bureau of Corrections is the constructive custodian of such prisoners, and therefore is a proper respondent for Callwood'sS 2241 petition. See Braden v. 30th Judicial Circuit Court of Kentucky , 410 U.S. 484 (1973); see also Order of Judgment and Commitment (committing Callwood to the custody of the Virgin Islands Bureau of Corrections).

7. A certificate of appealability is not a prerequisite to an appeal by a prisoner convicted in the District Court of the Virgin Islands for territorial crimes who seeks an earlier parole date pursuant to S 2241. See 28 U.S.C. S 2253(c)(1) (requiring a certificate of appealability in S 2255 proceedings and where the detention complained of arises out of "process issued by a State court"). Callwood, unlike Walker, who we hold was required to obtain a certificate of appealability under S 2253(c)(1), see Walker, ___ F.3d at ___, is not in custody pursuant to the sentence of the Territorial Court; rather, he is in custody pursuant to the sentence of the District Court of the Virgin Islands and challenges the execution of that sentence by the Virgin Islands Bureau of Corrections.

11

Nonetheless, given our understanding of the judicial system as it now stands in the Virgin Islands, principles of comity mandate that Callwood be required to exhaust his remedies in the Territorial Court before proceeding in the District Court of the Virgin Islands under federal law. Although there is no statutory exhaustion requirement attached to S 2241, we have consistently applied an exhaustion requirement to claims brought under S 2241. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. S 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. S 2241."); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under S 2241). As Callwood has understandably failed to seek relief in the Territorial Court under S 1303, this is a case particularly well-suited to dismissal at this stage for lack of exhaustion. The Territorial Court will no doubt be more familiar with the provisions and requirements of the territorial parole statute and should be given an opportunity to provide a remedy, if appropriate, before Callwood seeks federal habeas corpus relief. Callwood will be free to return to the District Court under S 2241, after exhausting any remedy available in the Territorial Court. Accordingly, we will vacate the order of the District Court dismissing the petition on the merits and will remand with instructions to dismiss for failure to exhaust local remedies without prejudice to Callwood's refiling his challenge under S 2241 after exhaustion.8

_____

8. Although we express no view on the merits of the claims presented in Callwood's petition, we note that in order to attain relief under S 2241, Callwood must establish that he is being held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. S 2241.

12

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit