

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2005

# Wyman v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1690

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wyman v. Nash" (2005). *2005 Decisions.* Paper 994.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/994

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1690
_____

DENNIS WYMAN,

Appellant

v.

WARDEN JOHN NASH, Warden B.O.P.


_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-00758)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 16, 2005

Before: NYGAARD, VAN ANTWERPEN AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed June 17, 2005)
_____

OPINION
_____

PER CURIAM

Dennis Wyman appeals from the District Court's order denying his habeas corpus

petition filed under 28 U.S.C. § 2241.  Wyman challenges the calculation of his good

conduct time ("GCT") by the Bureau of Prisons ("BOP").  Because we conclude that the

District Court's order is correct in light of our recent opinion in  O'Donald v. Johns, 402

F.3d 172 (3d Cir. 2005), we will affirm.

Wyman is currently incarcerated at the Federal Correctional Institution in Fort Dix,

New Jersey, serving a sentence of 120 months for conspiracy to possess cocaine with

intent to distribute.  Wyman was sentenced on March 8, 2000.  The BOP calculated a

release date of June 26, 2008, pursuant to its reading of 18 U.S.C. § 3624(b), for which

the BOP applies a formula affixing GCT based on time actually served.  Wyman filed a

petition pursuant to 28 U.S.C. § 2241 in February 2005, claiming specifically that the

BOP misinterprets § 3624(b), depriving him of 70 days of GCT.  He claims that he is

entitled by statute to receive 54 days of GCT for each year of his imposed sentence, rather

than the BOP's interpretation that he receives credit only for time actually served.  By

order entered February 24, 2005, the District Court held that the BOP's interpretation is

correct and denied the petition.  He then filed this appeal.[1]

We recently decided this precise issue.  In O'Donald, we held that although §

3624(b) is ambiguous, the BOP's interpretation is reasonable.  Id. at 174.  We stated in

---

[1]   We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).  We exercise
plenary review over the District Court's legal conclusions and apply a clearly erroneous
standard to its findings of fact.  See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).
Further, it is unclear whether Wyman exhausted his administrative remedies, see
Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citations omitted), but considering
that exhaustion is an affirmative defense and the petition is unopposed, we address the
underlying claim on its merits.  See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

2

O'Donald, that under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984), we defer to the BOP's reasonable interpretation. O'Donald, 402 F.3d at 174. Thus, Wyman's claim must fail.

In short, in light of our recent opinion in O'Donald v. Johns, the District Court properly denied Wyman's challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition.