

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# Marti v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Marti v. Nash" (2007). *2007 Decisions*. Paper 1320.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1320

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 06-2522

_____

PEDRO MARTI,

Appellant

v.

WARDEN JOHN NASH

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. N.J. No. 05-cv-02344)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
April 6, 2007

BEFORE: SLOVITER, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: April 11, 2007)

_____

OPINION
_____

PER CURIAM

Appellant, Pedro Marti, appeals the judgment of the United States District Court for

the District of New Jersey dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

In October 2002, Appellant pleaded guilty to one count of conspiracy to possess and distribute narcotics and was sentenced to 120 months of imprisonment to be followed by five years of supervised release. Based on the facts provided in Appellant's pre-sentence investigation report, the Bureau of Prisons ("BOP"), in connection with its inmate security designation and custody classification procedures, assigned Appellant a public safety factor of "greatest severity." This assignment precludes Appellant from being placed at a minimum security level facility. See BOP Program Statement 5100.08, Chapter 5, p. 7. Appellant filed a request for an administrative remedy with Appellee, Warden John Nash, seeking removal of the assignment. Appellee declined to do so and upheld the custody classification. Appellant appealed that decision to the regional director of the Federal Bureau of Prisons, who denied the appeal. Appellant did not appeal that decision to the Office of General Counsel, Federal Bureau of Prisons. Instead, Appellant filed a petition for writ of habeas corpus with the District Court. After determining that the petition was properly brought under § 2241, as Appellant challenged the "execution" of his sentence, see Woodall v. Federal Bureau of Prisons, 432 F.3d 243-44, 235 (3d Cir. 2005), the District Court dismissed the petition, concluding that Appellant had failed to exhaust his administrative remedies and, in the alternative, that his petition lacked merit.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

"Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Appellant has failed to fully exhaust his administrative remedies. He asserts, however, that his failure to exhaust should be excused because he never received a response to his administrative appeal due to the "deplorable" condition of the prison's mailing system. Even if we were to excuse Appellant's failure to exhaust his administrative remedies, we would agree with the District Court that his claims are without merit.

In order to obtain relief under § 2241, Appellant must establish that he is being held in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241. Appellant asserts that the BOP's custody classification for him violates the Due Process Clause and his rights under the Sixth Amendment.

Appellant first contends that the assignment of the public safety factor "greatest severity" is erroneous and has prevented him from being placed at a minimum security level. Because Appellant has no due process right to any particular security classification, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), federal habeas relief is unavailable.

Appellant also asserts a violation of his rights under the Sixth Amendment, on the ground that the facts relied upon by the BOP in determining his classification pertain to a

3

charge to which he did not plead guilty, apparently invoking the reasoning in such cases as Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Such an argument is not available when, as here, the challenge is to the execution of a sentence, rather than the imposition of a sentence.

Accordingly, we will affirm the judgment of the District Court.