**Rashford E. GALLOWAY, Appellant**

v.

**WARDEN OF F.C.I. FORT DIX.**

**No. 09–3570.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 30, 2009.

Opinion filed: Dec. 24, 2009.

Rashford E. Galloway, Fort Dix, NJ, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Rashford Galloway appeals from an order of the United States District Court for the District of New Jersey, which denied his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because the appeal raises no substantial question, we will affirm the District Court's order.

Galloway is confined at the Federal Correctional Institution at Fort Dix. He is currently serving a 150–month sentence imposed by the United States District Court for the Western District of North Carolina. Galloway filed this petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the district of his confinement. In his petition Royal asserts that he was not given credit for the time that he was confined at the Northeast Ohio Correctional Center ("NOCC").[1] The District Court dismissed his petition after concluding that Galloway sought relief available under 28 U.S.C. § 2255, and that his

petition thus should have been filed in the sentencing court. The District Court held in the alternative that his petition, if construed as a 28 U.S.C. § 2241 petition, should be dismissed because Galloway did not exhaust his administrative remedies.

■ Galloway's claim that he should receive credit for time served in NOCC is proper under 28 U.S.C. § 2241 because he is challenging the execution of his sentence. See Queen v. Miner, 530 F.3d 253, 255 n. 2 (3d Cir.2008); Vega v. United States, 493 F.3d 310, 313–14 (3d Cir.2007). However, because Galloway did not exhaust his administrative remedies, as he concedes in his notice of appeal, his petition properly was dismissed for failure to exhaust. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241").

For the foregoing reasons, we will summarily affirm the order of the District Court.

---

1. The District Court noted that it is unclear whether Galloway spent time at NOCC, but presumed that Galloway had been incarcerated at that facility during his current sentence.