GLD-234                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4421
_____

MICHAEL A. GARCIA,
                                    Appellant

v.

UNITED STATES OF AMERICA;
DONNA ZICKEFOOSE, Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-07030)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: May 20, 2013)
_____

OPINION
_____

PER CURIAM

        Michael A. Garcia, proceeding pro se, appeals from the District Court's order

dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the

reasons set forth below, we will summarily affirm.

Garcia was sentenced to eighty-four months' imprisonment in April 2008, after pleading guilty to one count of wire fraud. His projected release date is in August 2014. He filed a § 2241 petition seeking the maximum time allowable for placement in a Residential Re-Entry Center ("RRC") pursuant to the Second Chance Act ("SCA").[1] Therein, he conceded that he did not exhaust his administrative remedies, arguing that it "would be futile and irreparably harmful" for him to do so. (Dkt. No. 1, p. 24.) The District Court determined that there was no reason to excuse Garcia's failure to exhaust, and dismissed his petition without prejudice. (Dkt. Nos. 7, 8.) He timely appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

Federal prisoners are required to exhaust administrative remedies prior to seeking a writ of habeas corpus pursuant to § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). However, we have held that the administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the

---

[1] According to the Bureau of Prisons' ("BOP") regulations, inmates must be "considered for pre-release community confinement . . . on an individual basis" and within specific time frames. 28 C.F.R. § 570.22. To that end, a Unit Team must review an inmate's request for pre-release community confinement and make an appropriate RRC determination prior to placement.

purposes of exhaustion would not be served.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).

Here, Garcia argued that his failure to exhaust should be excused because it would have been futile, as other inmates unsuccessfully requested RRC placement, or were told to contact their Unit Team managers to determine their eligibility for such placement. (Dkt. No. 1, p. 25.)  Essentially, he argued that because his request for RRC placement would be denied no matter what, there was no point in making it in the first place.  We agree with the District Court that Garcia merely sought to "bypass the administrative process entirely and purposely in anticipation of yet-to-be made but preconceived notion of his RRC determination."  (Dkt. No. 7, p. 10.)  That is not a reason to excuse the firm requirement of exhaustion.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato, 98 F.3d at 760.

There being no substantial question presented on appeal, we will summarily affirm the decision of the District Court dismissing Garcia's § 2241 petition without prejudice.