**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2289
_____

RUDY STANKO,
                                        Appellant
v.

BARACK OBAMA; HARLEY G. LAPPIN,
National Director of the Bureau of Prisons; D. SCOTT DODRILL, Northeast Regional
Director, now Asst. Director of BOP; DAVID EBBERT, Warden, FCI Allenwood
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-09-cv-02421)
District Judge:  Honorable James F. McClure, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed April 7, 2011)

_____

OPINION
_____

PER CURIAM.

        Rudy Stanko, a federal prisoner, filed a petition in the United States District

Court for the Middle District of Pennsylvania under 28 U.S.C. § 2241.  He complained

that he was subjected to cruel and unusual punishment after he attempted to send legal

correspondence to his attorney.  He also alleged various due process violations relating to

a disciplinary hearing at which he was found guilty of stealing from the prison law library and sanctioned to a loss of twenty-seven days of good conduct time.  He further claimed that the hearing constituted a prohibited bill of attainder.  On screening, the District Court dismissed all but Stanko's due process claim.[1]  Respondent then argued that because that claim not been exhausted administratively, it too should be dismissed.  Upon review, the District Court concluded the same and entered an order dismissing the petition.  Stanko appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we may affirm on any grounds supported by the record.  See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).  Our review of the District Court's legal conclusions is plenary.  See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).  We will affirm the District Court's judgment.

The District Court properly dismissed Stanko's claim challenging his prison conditions.  Stanko alleged that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment after he attempted to send legal correspondence to his attorney.  Specifically, he claimed that he was thrown in the "hole" and given "diesel

---

[1] Also on screening, the District Court noted that the only proper respondent was Stanko's custodian, see Rumsfeld v. Padilla, 542 U.S. 426, 435-36 (2004), and dismissed the other respondents from the suit.

2

therapy."[2]

A prisoner may challenge the execution of his sentence in a habeas petition pursuant to 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005). However, "although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (citation omitted). We agree with the District Court that Stanko's claim of cruel and unusual punishment resulting from his attempt to correspond with his attorney falls outside the realm of challenges which may be brought in habeas.

The District Court also correctly dismissed Stanko's due process claim on the basis that he failed to exhaust his administrative remedies before filing his habeas petition. Stanko was subject to a July 16, 2009 hearing before a Disciplinary Hearing Officer ("DHO") for having been accused of stealing a document belonging to the prison law library. Stanko admitted the charges during the hearing and was found guilty. As a result, he was sanctioned to a loss of twenty-seven days of good conduct time and given thirty days of disciplinary segregation. He was also recommended for a disciplinary transfer.

---

[2] Stanko defines diesel therapy as being transported in shackles and a belly-chain around the country with stops in the "holes" of various federal prison facilities.

On October 20, 2009, Stanko filed an administrative appeal with the Bureau of Prisons' ("BOP") Northeast Regional Office. The appeal was denied on November 16, 2009, and Stanko was informed of his right to appeal the ruling to the BOP's Central Office. On November 24, 2009, Stanko filed an appeal with the Central Office, but it was later rejected because he failed to attach a copy of the Regional Office's ruling. Stanko was instructed to re-file his appeal within fifteen days of January 8, 2010, the date of the BOP Central Office's rejection letter.

Stanko filed his habeas petition on December 2, 2009, almost one month before the Central Office responded to his appeal. In the petition, he alleged that his due process rights were violated during the "sham" hearing on July 16, 2009, and he sought to have his good conduct time restored.

As the District Court explained, a federal prisoner is ordinarily required to exhaust available administrative remedies prior to seeking review under § 2241. See Moscato v. Fed. Bur. of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). This Court has "consistently applied an exhaustion requirement to claims brought under § 2241," Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000), and the present case, as the District Court determined, warrants no exception to the rule.

With respect to Stanko's claim that the July 16, 2009 disciplinary proceeding constituted a prohibited bill of attainder, we need not decide whether the claim sounds in habeas because, even if it does, the claim is meritless. A bill of attainder

4

is "a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial." United States v. O'Brien, 391 U.S. 367, 384 (1968). The disciplinary hearing was not a legislative act and thus, it does not constitute a bill of attainder.

Accordingly, we will affirm the order of the District Court.