GLD-201                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1921
_____

BRIAN A. CAMPBELL,
                                                    Appellant

v.

WARDEN RONNIE HOLT; DHO RENDA; CAPTAIN BRECKON; SIS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.10-cv-01529)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2011
Before:  AMBRO, CHAGARES AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 8, 2011)
_____

OPINION
_____

PER CURIAM

    Brian A. Campbell appeals from the order of the United States District Court

forthe Middle District of Pennsylvania denying his habeas petition filed pursuant to

28 U.S.C. § 2241.  We will affirm.

    At all times relevant to this matter, Campbell was an inmate of the Canaan United

States Penitentiary, Waymart, Pennsylvania (USP Canaan). He was charged with the prison violations of Assaulting Any Person and Possession of a Weapon. According to the officer who wrote the incident report, Campbell and other inmates were observed assaulting another inmate, with Campbell striking that inmate in the head and face with a padlock attached to the end of a belt. Campbell disputed the charges by maintaining that he did not strike anyone with a lock, though he admitted that he had grabbed a garbage can during the incident. After a hearing, the Discipline Hearing Officer ("DHO") found that Campbell had committed the acts as charged and imposed various sanctions, including disallowance of forty days of good conduct time. In July 2010, Campbell filed his section 2241 habeas petition challenging the loss of good conduct time and privileges, alleging the violation of his due process rights at the disciplinary hearing. The respondent responded to the petition, arguing that the petition should be dismissed because Campbell failed to exhaust his administrative remedies. The respondent also argued that Campbell's disciplinary hearing complied with all that due process requires. Campbell filed a traverse to the response. The Magistrate Judge issued a report and recommendation that the habeas petition be dismissed for failure to exhaust administrative remedies, or alternatively, be denied on the merits. Campbell filed his objections to the report and recommendation, notifying the District Court that he had filed an administrative appeal in September 2010 (two months after the filing of the habeas petition), that he receive no response within the allotted time for reply, and that under section 542.18 of the administrative remedy process, the response constitutes a denial of his final appeal. The District Court proceeded to deny the section 2241 habeas

petition on the merits, stating that Campbell's failure to exhaust was excused for purposes of the decision.

Campbell filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). Challenges to the loss of good time credits are properly brought under section 2241, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and a certificate of appealability is not required to appeal the denial of a section 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We review the District Court's denial of habeas corpus relief de novo, but we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

As an initial matter, we note that federal prisoners are generally required to exhaust their administrative remedies *before* filing a section 2241 habeas petition. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Although we have consistently applied an exhaustion requirement to section 2241 claims, see Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000), here, the respondent did not raise the argument that Campbell's September 2010 attempt to complete the administrative process constituted a procedural default barring judicial review, see Moscato, 98 F.3d at 760-61, although the respondent did raise the lack of exhaustion before that administrative appeal came into existence. In any event, we conclude, as the District Court did, that the section 2241 habeas petition is without merit.

Federal prisoners have a liberty interest in statutory good time credits. See Vega, 493 F.3d at 317 n.4 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974), and 18 U.S.C. § 3624(b)(1)). Thus, "[w]here a prison disciplinary hearing may result in the loss of good

3

time credits, . . . an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). In addition, the disciplinary decision must be supported by "some evidence," that is, "any evidence in the record that could support the conclusion reached by the disciplinary board." See id. at 455-46. In this case, there appears to be no dispute that Campbell was afforded the due process requirements described above. The record reflects that Campbell received written notice of the charges and incident report in advance of the disciplinary hearing. He had the opportunity to present witness testimony, present documentary evidence, and have a staff representative's assistance at the hearing. The DHO prepared a written record, documented his findings and the evidence upon which he relied, explained the sanctions imposed, and notified Campbell of his appeal rights.

Campbell's due process arguments are based in part on the DHO's failure to consider videotape surveillance footage that Campbell believes would exonerate him.[1] Campbell also argued that the DHO incorrectly assessed witness credibility and incorrectly weighed the evidence. Among other things, Campbell referred to reasons why he and the witness he presented were credible, to medical reports that he suffered injury during the incident, and to a post-hearing affidavit submitted by the other inmate,

4

stating that the lock belonged to him and that Campbell was wrongly charged in the assault. However, we need not examine the entire record, re-weigh the evidence, or independently assess witness credibility in assessing whether the "some evidence" standard is met. See id. at 455-46. Here, the DHO relied on a correctional officer's incident report and on additional eyewitness reports by a prison recreation specialist and a case manager, noting that the memoranda identified Campbell as a perpetrator in the assault and that the other inmate had been struck with a padlock attached to belts. The DHO also relied on photographs taken on the date of the incident depicting a lock affixed to a belt and two locks affixed to a sock, as well as prison health services reports and photographs documenting Campbell's and the other inmate's injuries. Thus, the DHO's decision clearly was based on "some evidence" in the record. Moreover, the existence of alleged videotape surveillance footage that might have been helpful to Campbell's defense does not nullify the conclusion that the DHO decision was supported by "some evidence" and that the requirements of due process were satisfied.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. We will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

[1] The hearing officer's report contains Campbell's staff representative's statement that he had "called SIS and they have no video." (Exhibits to Response to Habeas Petition, Attachment C.)