GLD-147                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4192
_____

UNITED STATES OF AMERICA

v.

CHARLES FELIX,
Appellant

_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Crim. No. 76-cr-00258)
District Judge:  Honorable Curtis V. Gómez

_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 15, 2013 )
_____

OPINION
_____

PER CURIAM

Since 1977, Charles Felix has been serving a sentence of life imprisonment for

first-degree murder imposed by the District Court in its former capacity as a Virgin

1

Islands local court. In 2009, he filed pro se the petition at issue here, which he captioned as a "motion for writ of habeas corpus" and supplemented with several other filings. Felix requested release from prison on the ground that his sentence does not preclude parole under Virgin Islands law and that, although he has been eligible for parole pursuant to 5 V.I.C. § 4601 since 1992, he has not yet received a parole hearing.

The District Court properly identified Felix's challenge as one to the lack of parole consideration but dismissed it for lack of subject matter jurisdiction under Parrott v. Government of the Virgin Islands, 230 F.3d 615 (3d Cir. 2000). In that case, we held that the District Court lacks jurisdiction under the Virgin Islands habeas statute, 5 V.I.C. § 1303, over challenges to territorial convictions by the District Court sitting as a territorial court. See Parrott, 230 F.3d at 621. The District Court acknowledged that Felix invoked the Virgin Islands parole statute rather than the Virgin Islands habeas statute, but it reasoned that the distinction makes no jurisdictional difference.

The nature of Felix's challenge does indeed make a difference, however, as a decision that we issued on the same day as Parrot (but that the Government did not bring to the District Court's attention) makes clear. In Callwood v. Enos, 230 F.3d 627 (3d Cir. 2000), the petitioner brought a due process challenge to the Virgin Islands Bureau of Correction's failure to recommend him for parole eligibility and sought a parole hearing under the same Virgin Islands statute at issue here. See id. at 629. Like Felix, the petitioner had been convicted of a territorial crime by the District Court sitting as a territorial court. See id. at 628-29. Thus, as in this case, "the Virgin Islands is

2

responsible for execution of his . . . sentence, including his eligibility for parole." Id. at 631. We held that the District Court has jurisdiction under 28 U.S.C. § 2241 to review the Virgin Islands' execution of the petitioner's sentence. See id. at 633. We also explained that § 2241 petitioners must first exhaust parole challenges in territorial court because "the Territorial Court [now called the Virgin Islands Superior Court] will no doubt be more familiar with the provisions and requirements of the territorial parole statute and should be given an opportunity to provide a remedy, if appropriate, before [petitioner] seeks federal habeas corpus relief." Id. at 634.

Felix's pro se petition thus raises a challenge to the execution of his sentence over which the District Court had jurisdiction under § 2241. The record does not reveal whether Felix has exhausted that challenge in the territorial courts. It appears that he may at least have attempted to do so, however, because he asserted in a motion for counsel in the District Court: "Who have jurisdiction of Felix's case? I was sent from Superior Court, to District Court and back." Thus, we will vacate and remand for the District Court to exercise its jurisdiction over Felix's petition. We express no opinion on the merits of Felix's claim or on whether he has exhausted it, but we note that Felix is entitled to habeas relief under § 2241 only if the execution of his sentence is in violation

of federal law.  See <u>Callwood</u>, 230 F.3d at 634 n.8.[1]

<hr />

[1] Felix does not require a certificate of appealability to appeal the dismissal of his § 2241 petition, <u>see</u> <u>Callwood</u>, 230 F.3d at 633 n.7, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  Felix's petition was docketed as a motion under 28 U.S.C. § 2255 in the District Court, but he did not caption it as a § 2255 motion and the District Court properly declined to treat it as one.