**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1870
_____

MIGUEL GUERRERO,
                                        Appellant

v.

WARDEN MONICA RECKTENWALD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-00287)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2013

Before: FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 24, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant Miguel Guerrero, a federal prison inmate currently confined at

FCI-Allenwood in White Deer, Pennsylvania, appeals from an order of the United States

District Court for the Middle District of Pennsylvania denying his habeas corpus petition.

For the reasons set forth below, we will affirm the District Court's order.

I.

On February 5, 2013, Guerrero filed a habeas petition pursuant to 28 U.S.C. § 2241, arguing that his constitutional rights were violated in the context of a disciplinary hearing arising from an October 2012 incident between himself and Immigration and Customs Enforcement ("ICE") staff. According to the incident report, on October 4, 2012, Guerrero reported to the chapel at FCI-Allenwood, where he met with ICE staff about his potential deportation. The report stated that Guerrero arrived in an agitated state, that he refused to sign any papers, and that he projected his voice in order to arouse the support of other prisoners—two of which also refused to sign any paperwork. Guerrero was charged with engaging in a group demonstration in violation of Section 212 of the Bureau of Prison's ("BOP") disciplinary code. Guerrero received a copy of the incident report the same evening.

Two days later, Guerrero came before the Unit Disciplinary Committee, which referred the charge to the Disciplinary Hearing Officer ("DHO"). At that time, Guerrero was notified of his rights and his impending disciplinary hearing. Guerrero declined the services of a staff representative and he requested two witnesses at the DHO hearing, who testified that they did not know anything about what happened in the chapel. After reviewing all of the evidence, the DHO found the staff member's account of the incident credible, but determined that Guerrero was guilty of the lesser offense of insolence, in violation of Section 312 of the BOP disciplinary code. The following day, Guerrero received the DHO report indicating that he was sanctioned with the loss of thirteen days of good conduct time; fifteen days of disciplinary segregation; and loss of visiting and

phone privileges for four months. The sanctions imposed were within the limits of the regulations. See 28 C.F.R. § 541.3.

Guerrero initially filed an appeal to the Northeast Regional Office on November 5, 2012. The appeal was dismissed as untimely and the Regional Office directed Guerrero to re-file his appeal with an explanation of the delay. Guerrero did not follow this directive. Instead, he filed a new appeal with the Central Office on November 28, 2012. The Central Office rejected the appeal as improperly filed and again directed him to resubmit the appeal within ten days with staff verification for the reason of the untimeliness. See 28 C.F.R. § 542.15(a) (explaining that the first level of appeal from a DHO decision is to the Regional Office, followed by a second possible review by the General Counsel in the Central Office). Guerrero did not resubmit his appeal until a week after he filed his February 2013 habeas petition.[1]

In his habeas petition, Guerrero argued that he was unable to exhaust his administrative remedies because he was denied administrative appeal forms. He also challenged the sufficiency of the evidence used to find him guilty of the Code 312 violation, arguing in part that the DHO denied his request to review the surveillance video. The District Court denied Guerrero's habeas petition on the merits, concluding that the disciplinary hearing complied with the due process requirements set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). This appeal followed.

---

[1] At the time of the District Court's decision denying Guerrero's habeas petition, this appeal had been accepted for review and was pending in the Northeast Regional Office. According to the Appellee, Guerrero's appeal has since been dismissed as untimely.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).  We

review the District Court's denial of habeas corpus relief de novo, but we review factual

findings for clear error.  See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

III.

Initially, we note that the District Court did not err in denying Guerrero's habeas

petition on the merits, before determining whether Guerrero exhausted his administrative

remedies.  Generally, prisoners must exhaust their administrative remedies prior to

bringing habeas claims under 28 U.S.C. § 2241.  Moscato v. Fed. Bureau of Prisons, 98

F.3d 757, 760 (3d Cir. 1996).  However, there is no statutory exhaustion requirement

attached to § 2241, Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000), and in instances

where there is a question of whether the appellant exhausted, we have declined to address

the issue because "[t]he general grant of jurisdiction in habeas corpus . . . permits denial

of a petition for the Great Writ on its merits, though state remedies may not be

exhausted." United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir. 1964); see

also DeMartino v. Weidenburner, 616 F.2d 708, 710 n.1 (3d Cir. 1980) (declining to

address the exhaustion issue and addressing the merits of the habeas petition).

Accordingly, because the record is unclear with respect to Guerrero's exhaustion, we will

follow the District Court's approach and examine the merits of Guerrero's habeas

petition.

Federal prisoners have a liberty interest in statutory good time credits. Wolff, 418 U.S. at 557; see also 18 U.S.C. § 3624(b)(1); Vega, 493 F.3d at 317 n.4. Thus, when a disciplinary hearing may result in the loss of these credits, an inmate must receive: (1) written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative[2]; and (4) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-71.

Upon our review of the record, we agree with the District Court that Guerrero received due process during his disciplinary hearings as required by Wolff. First, with respect to notice, Guerrero does not dispute that he received the incident report on the same evening of the incident in question, or that he received notice of the disciplinary hearing on October 6, 2012, well before twenty-four hours of the October 11, 2012 disciplinary hearing. Guerrero argues that because he was initially charged with only the higher offense of engaging in a group demonstration, he did not have proper notice to defend against the lesser charge of insolence. However, that the notice of the disciplinary hearing did not explicitly charge Guerrero with insolence is of no consequence because pursuant to 28 C.F.R. § 541.8(a)(1), a DHO has the authority to find that an inmate "committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report." Here, the incident report details Guerrero's agitation and hostility towards the officers, as well as his attempt to incite other inmates. The DHO considered

---

[2] This is not at issue here because Guerrero waived his right to staff representation at the DHO hearing.

these operative facts and acted within his authority to conclude that Guerrero committed a similar, lesser offense than the offense with which he was charged and Guerrero received adequate notice of the proceedings against him.

In addition to inadequate notice, Guerrero argues to no avail that the DHO erred in not allowing him to cross-examine the witnesses. Pursuant to the due process requirements, the prison administration is not required to allow a prisoner to cross-examine and confront witnesses in a disciplinary hearing and has the discretion to limit the hearing and the witnesses called to protect institutional security. Wolff , 418 U.S. at 566-67.

With respect to the sufficiency of the evidence, Guerrero contends that the DHO erred in not reviewing video evidence of the incident. "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). This standard is minimal and the relevant inquiry asks whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. Here, based on the evidence of record, including the incident report, Guerrero's own statement, and the testimony of the witnesses, there was "some evidence" to support the DOH's findings. Id. at 454. Moreover, the failure to review any video surveillance is inconsequential because considering the sufficiency of the evidence "does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence." Thompson v. Owens, 889 F.2d

6

500, 502 (3d Cir. 1989) (quoting <u>Hill</u>, 472 U.S. at 455-56).  Accordingly, the District

Court properly denied Guerrero's habeas petition.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.