**RUEBEN DOWLING, Plaintiff**
v.
**WARDEN ACEDO LETTSOME JR. and GOVERNMENT OF
THE V.I., Defendants**

Civil No. 363/2005

Superior Court of the Virgin Islands

Division of St. Croix

December 15, 2005

REUBEN DOWLING, Plaintiff, *Pro se*, Kingshill, St. Croix VI.

RICHARD SCHRADER, JR., Assistant Attorney General, Department of Justice, Christiansted, St. Croix VI, *Attorney for Defendant*.

ROSS, *Judge*

(December 15, 2005)

THIS MATTER is before the Court on the Second Motion for Reconsideration of Plaintiff Rueben Dowling ("Plaintiff") dated August 29, 2005. For the following reasons, Plaintiff's Motion for Reconsideration is denied.

Plaintiff asserts that his eligibility for parole was changed from February 2008 to February 2018 in violation of V.I. CODE ANN. tit. 5, § 4206. According to Plaintiff, Virgin Islands law treats eligibility for parole for a sentence of 30 years or more the same way as eligibility for parole for a life sentence. As such, Plaintiff argues that he should be eligible for parole after serving 15 years of his sentence. Plaintiff, however, is mistaken.

■ The law which governs eligibility for parole, 5 V.I.C. § 4601, has been amended six times since its enactment in 1942.[1] With the May 1974 amendment, the law provided in pertinent part: a prisoner "may be released on parole after serving one-third of such term or terms or after serving 10 years of a life sentence or of a sentence of over 30 years." Since the 1981 amendment, 5 V.I.C. § 4601 has provided in pertinent part: a prisoner "may be released on parole after serving one-half of such term or terms or after serving 15 years of a life sentence or of a sentence of 30 years or more or after serving the minimum sentence required by law, *whichever is greater*." (emphasis added) As the law currently reads, there are four possible eligibility periods which must be served by a prisoner prior to becoming eligible for parole. First, a prisoner sentenced to a term of any amount of years may become eligible for parole after serving half of the term. Second, a prisoner sentenced to life in prison may become eligible for parole after serving 15 years of the sentence. Third, a prisoner sentenced to 30 years or more may also become eligible for parole also after serving 15 years of the sentence. Fourth, a prisoner may become eligible for parole after serving the minimum sentence required by law. As the law currently reads, however, a prisoner is only eligible for parole after serving the greater of these four possible eligibility periods.

---

[1] The most recent amendment to the law was enacted in 1997. The 1997 amendment, however, has no bearing on the matter at issue herein.

The Court notes that some of the language used by the Legislature in 5 V.I.C. § 4601 is superfluous and therefore confusing. The law indicates that the eligibility period for parole for a sentence of 30 years or more is 15 years. The law also indicates, however, that the eligibility period for parole for a sentence of any length is one-half of the sentence. Accordingly, for any sentence that is longer than 30 years, the greater eligibility period for parole will always be one-half of the sentence. Additionally, since one-half of a 30-year sentence is 15 years, the law is redundant in stating that a prisoner sentenced to serve 30 years may become eligible for parole after serving 15 years. The law's redundant language serves only to create confusion for its readers.[2]

■ In the instant matter, on September 25, 1987 Plaintiff was sentenced to a period of incarceration of 50 years on Counts VI and VII of Criminal No. 85/71, and a period of incarceration of 20 years on Count I of Criminal No. 85/70 and Counts I, II, III and V of Criminal No. 85/71. Plaintiff's 1987 sentencing must be considered under the standards established by the current version of the law. Prior to becoming eligible for parole, Plaintiff, therefore, must consecutively serve 25 years of his 50 year sentence and 10 years of his 20 year sentence. These two periods represent the greater of the four possible eligibility periods as required by 5 V.I.C. 4601. Accordingly, the premises having been considered, and the Court otherwise being fully advised, it is hereby

ORDERED that Plaintiff's Second Motion for Reconsideration is DENIED.

---

[2] The only available legislative history of 5 V.I.C. 4601 is the transcript from the June 23, 1981 regular session of the Fourteenth Legislature of the Virgin Islands in which the amendment was passed. The transcript adds no significant insight as to the intent of the Legislature.