DLD-145                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3427
_____

UNITED STATES OF AMERICA

v.

CHARLES M. FELIX,
                                               Appellant

_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Crim. No. 3-76-cr-00258-001)
District Judge:  Honorable Curtis V. Gómez

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2015
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: March 30, 2015)
_____

OPINION*
_____

PER CURIAM

        Since 1977, Charles M. Felix has been serving a sentence of life imprisonment

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imposed by the District Court in its former capacity as a local court of the Virgin Islands. In 2009, he filed pro se the petition at issue here, which he captioned as a "motion for writ of habeas corpus" and supplemented with several other filings. Felix requested release from prison on the ground that, although he has been eligible for parole pursuant to 5 V.I.C. § 4601 since 1992, he has not yet received a parole hearing.

The District Court properly identified Felix's challenge as one directed to the lack of parole consideration but dismissed it for lack of subject matter jurisdiction. We vacated and remanded because the District Court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the Virgin Islands' execution of a prisoner's sentence, including the denial of parole. See United States v. Felix, 518 F. App'x 64, 65 (3d Cir. 2013) (citing Callwood v. Enos, 230 F.3d 627, 633 (3d Cir. 2000)). We further explained that Virgin Islands prisoners are required to exhaust their challenges to the denial of parole in the territorial courts before raising their challenges under § 2241. See id. (citing Callwood, 230 F.3d at 634). Thus, we remanded for the District Court to exercise its jurisdiction over Felix's petition, but we expressed no opinion on whether he had exhausted his challenge. See id.

On remand, the District Court directed the parties to brief the issue of exhaustion. After they did, the District Court concluded that Felix has not exhausted his challenge and denied his petition on that basis. Felix appeals. Felix does not require a certificate of appealability to appeal the denial of his § 2241 petition, see Callwood, 230 F.3d at 633 n.7, and we thus have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We will

2

affirm.

A Virgin Islands habeas petitioner challenging the execution of his or her sentence "has the burden of proving exhaustion of all [territorial] remedies." Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). Felix argues that he exhausted his remedies by filing with the Virgin Islands Superior Court in 2008 a motion apparently captioned as a "motion for reconsideration and review of life and natural life under 4601 sentencing guidelines." The Government counters that Felix did not exhaust his territorial remedies because he failed to appeal the Superior Court's denial of that motion to the Virgin Islands Supreme Court and his time to do so has expired. The District Court concluded that Felix failed to show exhaustion for that reason. We agree that Felix failed to show exhaustion, though our analysis is somewhat different.[1]

Felix's Superior Court motion is not of record, and we thus are unable to determine what claim or claims Felix actually asserted in that motion. The Superior Court's order denying that motion, by contrast, is of record and suggests that Felix did not raise any claim based on the denial of a parole hearing. (ECF No. 109-4 at 1.) From

---

[1] If Felix challenged the denial of parole before the Superior Court and then failed to timely appeal to the Virgin Islands Supreme Court as the Government argued, that circumstance ordinarily would mean that his claim is procedurally defaulted. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Felix's procedural default of his claim would in turn mean that he cannot proceed with it under § 2241 without showing cause for the default and prejudice. See id. at 761. Neither the Government nor the District Court addressed that possibility. As we explain herein, however, there is no indication that Felix actually asserted a claim for the denial of parole before the Superior Court.

3

that order, it appears that Felix claimed only that he was sentenced to life imprisonment without the possibility of parole and that he asked the Superior Court to reconsider his sentence and make him eligible for parole. As the Superior Court explained, however, Felix's sentence does not render him ineligible for parole and the Virgin Islands Bureau of Corrections' records indicate that Felix has been eligible for parole since March 10, 1992. The Superior Court further explained than any motion for reconsideration of his sentence should be directed to the District Court as the sentencing court. Thus, there is no indication that Felix raised any claim before the Superior Court, as he did before the District Court, regarding the denial of a parole hearing. And because there is no such indication, Felix has not met his burden of showing that he exhausted such a claim.

For this reason, we will affirm the judgment of the District Court. The District Court's ruling and ours are without prejudice to Felix's ability to file a § 2241 petition with the District Court raising a parole-denial claim after he has exhausted it before the territorial courts. Because Felix's filings reflect some confusion about the proper course of action,[2] we advise him more specifically as follows. If Felix believes that he is entitled to parole or to parole consideration under territorial or federal law, then he should file a

---

[2] Felix asked in a motion for counsel "Who have jurisdiction of Felix's case? I was sent from Superior Court, to the District Court and back." (ECF No. 118.) After the District Court denied Felix's petition as unexhausted and faulted him for failing to appeal to the Virgin Islands Supreme Court, Felix filed his notice of appeal with the District Court but stated therein that he "appeals to the Supreme Court of the Virgin Islands." (ECF No. 140.) The District Court has not addressed Felix's motions for counsel, but we perceive no abuse of discretion because it does not appear that appointment of counsel in his federal proceeding is warranted at this time. See 18 U.S.C. § 3006A(a)(2).

habeas petition with the Virgin Islands Superior Court explaining why. See generally Dowling v. Lettsome, No. Civ. 363/2005, 2005 WL 3662440 (V.I. Super. Ct. Dec. 15, 2005) (entertaining parole-based habeas petition); Josiah v. Farrelly, No. Civ. 827/92, 1993 WL 13751623 (V.I. Terr. Ct. June 15, 1993) (same). If Felix receives an unfavorable ruling, then he may appeal to the Virgin Islands Supreme Court. Only if Felix properly appeals to the Virgin Islands Supreme Court and receives an unfavorable ruling from that court as well may he file a § 2241 petition with the District Court challenging the denial of parole. And, as we previously advised Felix, relief under § 2241 is available only if the denial of parole or parole consideration constitutes a violation of federal law. See Felix, 518 F. App'x at 65 (citing Callwood, 230 F.3d at 634 n.8). We express no opinion on the merits of any claim that Felix may assert in this regard.[3]

---

[3] If Felix actually asserted a parole-denial claim before the Superior Court in 2008, and if the territorial courts reject any future claim he may raise for that reason, then the issue of procedural default noted above can be addressed on the basis of a more complete record if Felix files another § 2241 petition in the future.