**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3300
_____

LARRY BROWN,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-01138)
District Judge: Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: March 26, 2019)

_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Larry Brown appeals the District Court's order dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. For essentially the reasons detailed by the District Court and those set forth below, we will affirm the District Court's judgment.

Brown, a federal inmate currently incarcerated at the United States Penitentiary at Canann in Waymart, Pennsylvania, filed a § 2241 petition in June 2018 seeking a nunc pro tunc[1] designation from the District Court pursuant to 18 U.S.C. § 3621(b). More specifically, Brown requested that he be awarded additional credit towards his federal sentence for time spent in state custody on charges for which he was serving a sentence that was to run concurrent to his federal sentence. Brown argued that the Federal Bureau of Prisons ("BOP") credited him with only five days when, in fact, he was entitled to credit in the amount of five years four months and eight days. The Government responded by arguing that Brown had not exhausted his administrative remedies. The District Court agreed with the Government and dismissed Brown's petition. Brown filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In considering Brown's appeal of the dismissal of his § 2241 petition, we exercise plenary review over the District Court's

---

[1] "The Latin phrase nunc pro tunc describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect – a Latin term meaning literally, 'now for then.' An act nunc pro tunc is an 'entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake.'" Barden v. Keohane, 921 F.2d 476, 477 n.2 (3d Cir. 1990) (quoting Black's Law Dictionary at 964 (5th ed. 1979)).

legal conclusions and review its factual findings for clear error. See Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to designate a state institution as the official facility for service of a federal sentence, and the BOP may implement such a designation nunc pro tunc. See Barden, 921 F.2d at 477-78. When a prisoner requests credit against a federal sentence for time spent in state custody, the BOP has a duty to consider the request by applying the various § 3621(b) factors. Id. at 478. If this designation affects the duration of a prisoner's sentence, the BOP's decision is subject to habeas corpus review for abuse of discretion. See id. at 478-79.

As the District Court noted, "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241"). Exhaustion is required because: "(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). In order to exhaust, a petitioner must satisfy the procedural requirements of the administrative remedy process. Moscato, 98 F.3d at 761-62. The record reflects that the BOP has a three-step administrative remedy

3

procedure that applies after an unsuccessful informal attempt at resolving a complaint. Brown conceded before the District Court that he did not exhaust his administrative remedies at any level prior to filing the instant petition.

We have concluded that "[t]he exhaustion doctrine will not be applied ... when none of the basic goals (of the doctrine) would be served." Bradshaw, 682 F.2d at 1052 (internal quotations marks omitted). For example, exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). Brown, however, does not contend that his claim turns on any statutory construction or legal interpretation issue, or that the administrative procedure is inadequate to prevent irreparable harm. Instead, he simply claims that exhaustion would be futile because "the BOP Policy 18 U.S.C. [§] 3621(b) has been in existence for years . . . ." See Mem. in Support of § 2241 Pet. at 12.

We agree with the District Court's conclusion that Brown has failed to allege facts to support a finding that exhaustion would have been futile or that requiring exhaustion would subject him to irreparable injury.[2] Under these circumstances, the District Court did not err in dismissing Brown's petition for failure to exhaust.

---

[2] As the Government notes, "[a]fter the BOP reviewed Brown's petition for habeas corpus, Brown received a sentence recalculation to reflect 775 days of jail credit for his time spent in official detention, which makes his release from BOP custody, with Good Conduct Time Release, November 1, 2021." See Appellee's Br. at 7 n.3. The goals of

Accordingly, we will affirm the District Court's judgment.

---

the exhaustion requirement have thus been realized in this case. If Brown disputes the accuracy of this calculation, the administrative remedy procedure is/was, once again, available to him.