**BLD-038**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2099
_____

DEONTE SPICER,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-02324)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2019

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 3, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Deonte Spicer appeals from an order of the United States District Court for the Middle District of Pennsylvania, which denied his petition filed under 28 U.S.C. § 2241. As no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment.

Spicer's petition alleged that the Bureau of Prisons miscalculated his sentence. He argued that his 24-month sentence for a District of Columbia parole violation should be served concurrently with his federal 70-month sentence for assault with a dangerous weapon. The District Court denied the petition because Spicer failed to exhaust his administrative remedies and because his claims were without merit. Spicer timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

As the District Court noted, "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241."). Exhaustion is required because: "(1) judicial review may be facilitated by allowing the appropriate agency to

2

develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). In order to exhaust, a petitioner must satisfy the procedural requirements of the administrative remedy process. Moscato, 98 F.3d at 761-62. Spicer conceded before the District Court that he did not exhaust the BOP's three-step administrative remedy procedure that applies after an unsuccessful informal attempt at resolving a complaint.[1]

However, Spicer argued that exhaustion should be excused for various reasons. He argued that he tried to exhaust administrative remedies at U.S.P. Victorville, but that he was transferred before he was able to do so.[2] Then, when he arrived at U.S.P. Lewisburg in July 2017, he claims that he received a response to his informal resolution attempt stating that his release date was January 30, 2019, so he saw no need to pursue remedies. Dkt. #7 at 2. But then when he asked for a sentence computation sheet, the

---

[1] To properly exhaust a claim, a federal inmate must first attempt informal resolution of his complaint with staff and, if dissatisfied, he must submit a formal written request for an administrative remedy to a designated staff member. 28 C.F.R. §§ 542.13-542.14. An inmate may then appeal that response to the appropriate Regional Director. Id. § 542.15(a). Finally, an inmate may appeal the Regional Director's decision to the General Counsel in the Central Office. Id. § 542.15(a).

[2] Spicer filed three separate grievances that were rejected for various reasons: failure to first attempt an informal resolution, failure to submit the grievance through his Unit Counselor, and failure to file the grievance at the correct level on the correct form. See Report and Recommendation at 5-6.

sheet showed the "wrong" date (reflecting consecutive sentences). Spicer filed another grievance in October 2017, which was denied on the merits. Dkt. #6-1 at 47. He did not appeal. He argued that the prison's failure to return to him the informal resolution showing the "correct" date thwarted his attempts to exhaust his administrative remedies. But he does not explain why he did not appeal from the October 2017 grievance denial.

Spicer also argued in the District Court that exhaustion would be futile and would cause him irreparable injury "because his projected release date ha[d] come and gone." Dkt. #17 at 3. But even if he were correct that his release date was in January 2019, he had time to exhaust his administrative remedies in 2017 before filing his federal habeas petition.

We agree with the District Court's conclusion that Spicer has failed to allege facts to support a finding that exhaustion would have been futile or that requiring exhaustion would subject him to irreparable injury.[3] Under these circumstances, the District Court did not err in dismissing Spicer's petition for failure to exhaust.

Accordingly, we will affirm the District Court's judgment.

---

[3] As a result, we do not reach the merits of Spicer's claims.