Michael JACKSON, Appellant

v.

VIRGIN ISLANDS, VI Attorney
General; Director VI BOC.

No. 07–4601.

United States Court of Appeals,
Third Circuit.

Submitted for a Certificate of
Appealability or Possible
Summary Action Pursuant to

Third Circuit LAR 27.4 and
I.O.P. 10.6 Feb. 28, 2008.

Filed April 2, 2008.

Michael Jackson, Big Stone Gap, VA,
pro se.

Before: McKEE, RENDELL and M.
SMITH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Michael Jackson, proceeding *pro se,* appeals the District Court's denial of his petition for a writ of habeas corpus. For the reasons that follow, we will vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.

According to the District Court, Jackson pled guilty in the District Court of the Virgin Islands to second degree murder and escape from custody in violation of Virgin Islands territorial law. On January 15, 1985, Jackson was sentenced to fifty years on the murder charge and ten years on the escape charge and committed to the custody of the Virgin Islands Bureau of Corrections. The sentences were to run consecutively. Although it is not entirely clear from the record, it appears that Jackson served part of his sentence in a mainland federal prison and that, at the time of filing, he was incarcerated at Wallens Ridge State Prison in Big Stone Gap, Virginia.

On June 4, 2007, Jackson filed a petition for a writ of habeas corpus in the District Court of the Virgin Islands, claiming that he actually received two ten-year sentences which were to run concurrently and, accordingly, he had served seventeen years beyond his sentence. He sought immediate release from custody and transfer back to the Virgin Islands for parole, and claimed that his good time credits had not been properly calculated and accord-

ingly, neither had his parole eligibility date. Additionally, Jackson claimed that he was denied access to Virgin Islands legal materials in Virginia and was unable to access the resources needed to secure parole and that these conditions constituted a violation of his rights to due process and equal protection.

After receiving a significant number of letters, motions and other filings from Jackson, as well as a statement from the Virgin Islands Bureau of Corrections calculating the territorial and federal good conduct credits Jackson was entitled to, the District Court entered an order on October 16, 2007 denying Jackson's habeas petition on the merits. Specifically, the District Court held that Jackson had received and continued to receive the good time credits he was entitled to and that his assertion that he has been imprisoned beyond the length of his sentence was without merit.

Jackson filed a notice of appeal and was informed that his appeal would be submitted to a panel of this Court for a decision on whether summary action is appropriate and whether a certificate of appealability is required. Jackson filed a lengthy response detailing the errors he believes were committed by the District Court and requesting the appointment counsel to represent him on appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and § 2253. While neither Jackson nor the District Court identified the nature of the underlying habeas petition, inasmuch as it is directed to the execution and not the validity of Jackson's sentence, we conclude that it falls under 28 U.S.C. § 2241. *See Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001) (holding that federal prisoner may challenge execution of sentence through § 2241 while state prisoner must pursue such relief through § 2254); *Callwood v.*

*Enos*, 230 F.3d 627, 633 (3d Cir.2000) (holding that petitioner convicted and sentenced in District Court of Virgin Islands for violation of territorial law may challenge parole determination via § 2241). In *Callwood*, we faced a situation quite similar to the one presently at bar. After concluding that the District Court of the Virgin Islands did have jurisdiction over Callwood's § 2241 petition, we explained:

> ... given our understanding of the judicial system as it now stands in the Virgin Islands, principles of comity mandate that Callwood be required to exhaust his remedies in the Territorial Court before proceeding in the District Court of the Virgin Islands under federal law. Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241. As Callwood has understandably failed to seek relief in the Territorial Court under § 1303, this is a case particularly well-suited to dismissal at this stage for lack of exhaustion. The Territorial Court will no doubt be more familiar with the provisions and requirements of the territorial parole statute and should be given an opportunity to provide a remedy, if appropriate, before Callwood seeks federal habeas corpus relief. Callwood will be free to return to the District Court under § 2241, after exhausting any remedy available in the Territorial Court.

230 F.3d at 634 (citations omitted).

We are unable to ascertain from the record whether Jackson attempted to exhaust his claims in the Virgin Islands Territorial Court. Accordingly, we will vacate the order of the District Court denying the petition on the merits and remand for the District Court to determine whether Jackson's claims have been exhausted and, if

not, to dismiss Jackson's petition for failure to exhaust his local remedies without prejudice to Jackson's refiling his § 2241 petition after exhaustion.[1] *See Smith v. Horn,* 120 F.3d 400, 407–08 (court of appeals may *sua sponte* exercise discretion to raise issue of exhaustion).

---

**1.** Because we conclude that Jackson's petition falls under 28 U.S.C. § 2241, a certificate of appealability is not necessary. *See Callwood,* 230 F.3d at 633, n. 7. In light of our decision, Jackson's request for the appointment of counsel to represent him on appeal is denied.