## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **MAURA HERMAN,** | **Civil No. SX-2012-CV-471** |
| PLAINTIFF, | **ACTION FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| **VIRGIN ISLANDS GOVERNMENT HOSPITAL AND HEALTH FACILITIES CORPORATION**[1] **D/B/A GOVERNOR JUAN F. LUIS HOSPITAL AND MEDICAL CENTER, WALTER J. PEDERSEN, M.D, MOSES DEGRAFT-JOHNSON, M.D., JOHN DOES, AND JANE DOES,** | **CITE AS: 2022 VI SUPER 58** |
| DEFENDANTS. | |

**Appearances:**
**K. Glenda Cameron, Esq.**
Law Offices of K. G. Cameron
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Royette Russell, Esq.**
Department of Justice
St. Croix, U.S. Virgin Islands
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1     **THIS MATTER** is before the Court for review *sua sponte*.

---

[1] The "Virgin Islands Government Hospitals and Health Facilities" is the correct name, and not the "Virgin Islands Hospitals and Health Facilities Corporation." *See* Title 19 V.I.C. § 243(a) ("There is hereby created the Virgin Islands Government Hospitals and Health Facilities Corporation. The corporation is a body corporate and politic constituting a public benefit corporation of the Government of the Virgin Islands."). As such, the Court will amend the caption to correctly reflect the name of Defendant Virgin Islands Government Hospitals and Health Facilities. *See* V.I. R. CIV. P. 15-2 ("The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial.").

## BACKGROUND

¶ 2    On November 16, 2012, Plaintiff Maura Herman (hereinafter "Plaintiff") filed a verified complaint against Defendant Virgin Islands Government Hospital and Health Facilities Corporation d/b/a Governor Juan F. Luis Hospital and Medical Center (hereinafter "VIGHHFC"), Defendant Walter J. Pedersen, M.D. (hereinafter "Pedersen"), Defendant Moses Degraft-Johnson, M.D. (hereinafter "Johnson"), Defendant John Does, and Defendant Jane Does (collectively hereinafter "Defendants") in connection with the medical treatment Plaintiff received at Governor Juan F. Luis Hospital and Medical Center in April 2011. In her complaint, Plaintiff alleged, inter alia: (i) In April 2011, Plaintiff sought and received treatment from Defendants at Governor Juan F. Luis Hospital and Medical Center for "complaints of right knee joint pain and pins-and-needles sensation. (Compl.); (ii) Defendant Pedersen and Defendant Johnson are licensed physicians in the U.S. Virgin Islands. (Compl. ¶¶ 3-4); (iii) Defendant John Does and Defendant Jane Does "on information and belief and at all relevant times, were health care personnel including, but not limited to, professional nurses, physicians and radiologists who provided care to Plaintiff at [Governor Juan F. Luis Hospital and Medical Center] in St. Croix, U.S. Virgin Islands." (Compl. ¶ 5); (iv) "On April 1, 2011[,] Plaintiff was treated by Defendant Pedersen [at Governor Juan F. Luis Hospital and Medical Center]" (Compl. ¶¶ 7-8); (v) "On April 2, 2011[,] Defendant Johnson performed an angiogram [of Plaintiff at Governor Juan F. Luis Hospital and Medical Center]." (Compl. ¶¶ 7, 17); and (vi) Defendants "acted below the standard of reasonable care" in the care and treatment they furnished to Plaintiff. (Compl. ¶¶ 28-36.) The complaint included the following three causes of action: Count I-negligence (all Defendants), Count II-negligent infliction of emotional distress (all Defendants), and Count III-punitive damages (all Defendants).

¶ 3      After initial appearance by another counsel, Erika M. Scott, Esq., Assistant Attorney General of Department of Justice, substituted in and appeared as counsel of record for Defendants.

¶ 4      This matter is currently scheduled for a status conference on June 16, 2022.

## DISCUSSION

¶ 5      Plaintiff did not specifically state in her complaint that this is a medical malpractice action. Nevertheless, based on the allegations, the Court finds that Plaintiff's claims may implicate the Virgin Islands Medical Malpractice Act (hereinafter "VIMMA") and the Virgin Islands Torts Claim Act (hereinafter "VITCA"). This is further supported by the fact that Plaintiff indicated in the complaint that the Court has jurisdiction over this matter pursuant to Title 4 V.I.C. § 76 (original jurisdiction), Title 33 V.I.C. § 3409, et seq. (time of filing claims and notices of intention to file claims under the Virgin Islands Torts Claim Act), and Title 27 V.I.C. § 166 (definitions under the Virgin Islands Medical Malpractice Act).

### 1. VIMMA

#### a. Whether the VIMMA is Applicable

¶ 6      As an initial matter, the Court must determine whether Plaintiff's claims constitute medical malpractice for purposes of the VIMMA. Under the VIMMA, medical malpractice "means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient," Title 27 V.I.C. § 166(f), health care "means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement," Title 27 V.I.C. § 166(b), and health care provider "means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including a medical, osteopathic, chiropractic or naturopathic

physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice

Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel,

emergency medical technician, pharmacist and laboratory technician," Title 27 V.I.C. § 166(c).

Here, Plaintiff's claims are torts based on health care or professional services rendered by

Defendant Pedersen and Defendant Johnson, licensed physicians in the U.S. Virgin Islands, to

Plaintiff, as a patient, at Governor Juan F. Luis Hospital and Medical Center, a hospital managed

by Defendant VIGHHFC. Thus, Plaintiff's claims constitute medical malpractice as defined by

the VIMMA and is subject to the requirements of the VIMMA.

### b. Pre-Filing Requirements of the VIMMA

¶ 7     The VIMMA establishes a pre-filing jurisdictional requirement before a plaintiff may

commence a medical malpractice action under the jurisdiction of the Superior Court. *Daley-Jeffers*

*v. Graham*, 69 V.I. 931, 936 (V.I. 2018) (citing *Brady v. Cintron*, 55 V.I. 802, 815 (V.I.

2011) (concluding that section 166i imposes pre-filing jurisdictional limitations on the Superior

Court's ability to hear medical malpractice claims)). More specifically, the VIMMA provides that

"[n]o action against a health care provider may be commenced in court before the claimant's

proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and

the [Medical Malpractice Action Review] Committee has received the expert opinion as required

by this section, provided, that if said opinion is not received by the [Medical Malpractice Action

Review] Committee within ninety days from the date the complaint was filed with the [Medical

Malpractice Action Review] Committee, the claimant may commence his action against the health

care provider in court." Title 27 V.I.C. § 166i(b). "The proposed complaint shall be deemed filed

when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health."

Title 27 V.I.C. § 166i(c). In *Brady*, the Virgin Islands Supreme Court noted that "[t]he purpose of

the MMA and the Committee review process is to eliminate claims lacking merit and encourage prompt settlement of meritorious claims" and "[i]t specifically seeks to prevent actions from being filed in courts until after the statutory requirements of the MMA are fulfilled." 55 V.I. at 813 (internal quotation marks and citation omitted); *see* Title 27 V.I.C. § 166i(a) ("There is established within the Office of the Commissioner of Health a Medical Malpractice Action Review Committee (referred to in the rest of this section as "the Committee") the purpose of which shall be to arrange for expert review of all malpractice claims before actions based upon such claims are commenced in court."). The *Brady* decision was the controlling precedent in effect at the time Plaintiff filed her complaint.

¶ 8     Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VIMMA. Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. "It is well established that a court may consider the issue of subject matter jurisdiction sua sponte. This is because, prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute." *Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see* V.I. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2] As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VIMMA. Given that the pre-filing requirements of the VIMMA concerns the Court's subject matter

---

[2] Plaintiff filed her complaint before March 31, 2017, the effective date of the Virgin Islands Rules of Civil Procedure. Pursuant to Rule 1-1 of the Virgin Islands Rules of Civil Procedure, the new rules govern all civil actions pending on March 31, 2017, unless the Supreme Court declares otherwise or a Superior Court judge "makes an express finding that applying" the new rules "in a particular previously-pending action would be infeasible or would work an injustice." V.I. R. CIV. P. 1-1(c)(2)(B). Given that there is no difference between Rule 12(h)(3) of the Federal Rules and the Virgin Islands Rules, the Court finds that the Virgin Islands Rules apply here.

jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VIMMA, such as the date she filed a proposed complaint with the Medical Malpractice Action Review Committee and the date the expert opinion was received (or that ninety days has elapsed since the filing of her proposed complaint)[3] so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VIMMA will not suffice. Alternatively, if Plaintiff did not comply with all the pre-filing jurisdictional requirements of the VIMMA, Plaintiff should plead facts indicating why she is not required to comply.

### 2. VITCA

#### a. Whether the VITCA is Applicable

¶ 9    The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. *See* Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act [48 USCS § 1541 *et seq.*].").
"The VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands." *Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015); *see* Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the

---

[3] The VIMMA provides that "[u]pon receipt by the [Medical Malpractice Action Review] Committee of an expert opinion, the Commissioner of Health shall immediately forward a copy of the opinion to the plaintiff and defendant." Title 27 V.I.C. § 166i(d)(4).

negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter."). Here, based on the allegations, Plaintiff sued the "Government of the Virgin Islands" and "Employees of the Government" when she sued Defendant VIGHHFC, Defendant Pedersen, and Defendant Johnson. *See* Title 33 V.I.C. § 3401 ("As used in this chapter, the term: 'Government of the Virgin Islands' includes... the Virgin Islands Government Hospitals and Health Facilities Corporation... [and] 'Employee of the Government' includes elected or appointed officials, employees, members of Governing Boards and Commissions and other persons acting on behalf of the Government of the United States Virgin Islands."). As such, the VITCA is applicable to the facts of this case.

### b. Pre-Filing Requirements of the VITCA

¶ 10    The VITCA provides that "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section [3409]." Title 33 V.I.C. § 3409. The provision applicable to this case is section 3409(c):

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:

> [A] claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

Title 33 V.I.C. § 3409(c).

The VITCA further provides the requirements concerning the claim or the notice of intention:

> The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

Title 33 V.I.C. § 3410.

¶ 11   The Court recognizes that, unlike the VIMMA, the Virgin Islands Supreme Court has not yet determined whether the pre-filing requirements of the VITCA are jurisdictional or claims processing rules. *See e.g., Alexander v. Wilson*, 73 V.I. 528 ¶ 13 ("It remains an issue of first impression in the Virgin Islands whether the pertinent provisions of the VITCA are jurisdictional, or claims-processing rules which may be waived."); *Fleming v. Cruz*, 62 V.I. 702, 718 n.13. (V.I. 2015) ("In this case, we do no decide whether the VITCA's claim-filing requirements are jurisdictional...We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). However, in *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F. 2d 1007, 1010 (3d Cir. 1984), the Third Circuit Court of Appeals held that compliance with the pre-filing requirements under the VITCA are jurisdictional, and *Richardson* remains binding on the Virgin Islands Superior Court. *See e.g., Yuxiang Peng v. Williams*, 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017);[4] *Christopher v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2016 165, *11

---

[4] In *Yuxiang Peng*, the Court addressed the issue of whether *Richardson* is still binding on Virgin Islands Superior Court:

> In *Richardson*, the Third Circuit Court of Appeals — exercising its power as the final arbiter of Virgin Islands local law — held that the terms under which the Government of the Virgin Islands consented to waive its immunity from tort liability, as embodied in the VITCA, are jurisdictional and "It follows that the terms may not be waived." 744 F.2d at 1010. The Supreme Court of the Virgin Islands has made it clear that decisions rendered by the Third Circuit while serving as the de facto court of last resort in the Virgin Islands "are binding upon the Superior Court of the Virgin Islands even if they would only represent persuasive authority

(V.I. Super. Ct. Oct. 12, 2016) ("despite any contrary intimations from the Supreme Court, this

Court is bound by the Third Circuit's precedent in *Richardson,* and must consider challenges to

the VITCA' s prefiling requirements as challenges to subject matter jurisdiction unless and until

---

when [the Supreme Court] considers an issue." *Najawicz v. People of the Virgin Islands,* 58 V.I. 315, 327-28 (V.I. 2013) (internal citation omitted); *see also In re People of the Virgin Islands,* 51 V.I. 374, n.9 (V.I. 2009). Thus, the Third Circuit's holding in *Richardson* remains binding on this Court.

The Court notes that, while the case in *Richardson* originated in the District Court of the Virgin Islands in 1980, the District Court was acting as a territorial court when it adjudicated Richardson's claim for wrongful death. See *Callwood v. Enos,* 230 F.3d 627, 43 V.I. 293, 297-98 (3d Cir. 2000) (The District Court of the Virgin Islands used to have general original jurisdiction over all civil actions arising under territorial law in which the amount in controversy was more than \$500); see also *Carty v. Beech Aircraft Corp.,* 679 F.2d 1051, 1057, 19 V.I. 641 (3d Cir. 1982) (characterizing jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act prior to the 1984 amendments as "more like a state court of general jurisdiction than a United States district court."). For a detailed description of the development of the judiciary of the Virgin Islands, see *James-St. Jules v. Thompson,* 2015 V.I. LEXIS 74, at \*16-20.

67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017).

Furthermore, the Court notes that in this instance, the Court need not undertake a *Banks* analysis concerning the VITCA because it is an issue of statutory interpretation rather than a determination of common law. *See In re L.O.F.,* 62 V.I. 655, 661 n.6 (V.I. 2015) (The Supreme Court of the Virgin Islands has established that a *Banks* analysis is not required for statutory interpretation.); *see also, Smith v. Henley,* 67 V.I. 965, 970 n.2 (V.I. 2017) ("A *Banks* analysis was unnecessary, however, because the issue here is purely a matter of statutory interpretation, not common law."); *Banks v. Int'l Rental & Leasing Corp.,* 55 V.I. 967 (V.I. 2011). Additionally, the Court also notes that in *Wallace v. People of the V.I.,* the Virgin Islands Supreme Court reaffirmed that "[i]t is true that prior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." 71 V.I. 703, 738 n.5 (V.I. 2019) (citing *Defoe v. Phillip,* 56 V.I. 109, 119 (V.I. 2012) ("This Court is not required to follow ... decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us, we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands law as binding precedent: 'Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation did not erase pre-existing case law, and thus precedent that was extant when the Court became operational continues unless and until this Court address the issues discussed there. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.'" (quoting *Judi's of St. Croix Car Rental v. Weston,* 49 V.I. 396, 403 n.7 (V.I. 2008); *In re People of the V.I.,* 51 V.I. 374, 389 n.9 (V.I. 2009)))). The Court is nevertheless cognizant that, in *Hamed v. Hamed,* the Virgin Islands Supreme Court held that "decisions of the Appellate Division and the Third Circuit addressing issues of Virgin Islands common law are no longer binding on the Superior Court," 63 V.I. 529, 535 (V.I. 2015) (citing *Gov't of the V.I. v. Connor,* 60 V.I. 597, 605 n.1 (V.I. 2014)), and that "decisions issued by the Appellate Division after 2007, like decisions of the District Court or Third Circuit heard through diversity or supplemental jurisdiction, are not binding on the Superior Court," 63 V.I. at 535 (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee,* 60 V.I. 740, 755-56 (V.I. 2014); *Walters v. Walters,* 60 V.I. 768, 777 n.10 (V.I. 2014); *People v. Simmonds,* 56 V.I. 84, 90 (V.I. Super. Ct. 2012); *Edwards v. HOVENSA, LLC,* 497 F.3d 355, 359-61 (3d Cir. 2007)). However, *Richardson* did not concern common law and it was issued prior to 2007. As such, until the Virgin Islands Supreme Court explicitly declares that all decisions of the Appellate Division and the Third Circuit are no longer binding on the Virgin Islands Superior Court or definitively proclaims that the pre-filing requirements of the VITCA are not jurisdictional, the Court continues to find *Richardson* binding.

the Supreme Court of the Virgin Islands conclusively determines otherwise"); *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 87, \*9 (V.I. Super. Ct. June 22, 2018). The *Richardson* decision was the controlling precedent in effect at the time Plaintiff filed her complaint.

¶ 12    Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VITCA. Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. As noted above, the Court may raise the issue of its own jurisdiction sua sponte. *See Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see also,* V.I. R. Civ. P. 12(h)(3). As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VITCA. Given that the pre-filing requirements of the VITCA concerns the Court's subject matter jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VITCA, such as the date the claim or the notice of intention was "filed in the Office of the Governor" and the date a copy was "served upon the Attorney General" so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VITCA will not suffice. Alternatively, if Plaintiff did not comply with all the pre-filing jurisdictional requirements of the VITCA, Plaintiff should plead facts indicating why she is not required to comply.

## CONCLUSION

¶ 13    Based on the foregoing, the Court will grant Plaintiff leave to amend her complaint and vacate the status conference scheduled on June 16, 2022. The Court will determine whether the

Court has subject matter jurisdiction over this matter based on Plaintiff's submission. Accordingly, it is hereby:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a proposed first amended complaint and plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VIMMA and the VITCA in accordance with this Memorandum Opinion and Order, or alternatively plead facts indicating why Plaintiff is not required to comply. No other amendment is permitted without leave of the Court. Plaintiff is notified that failure to file a proposed first amended complaint within the thirty-day deadline **SHALL CONSTITUTE PLAINTIFF'S ADMISSION** that the Court lack subject matter jurisdiction over this matter. It is further:

**ORDERED** that Plaintiff shall file (i) a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and (ii) a clean copy of the new proposed first amended complaint, in compliant with Rule 15-1 of Virgin Islands Rules of Civil Procedure, which requires "[a] party moving to amend a pleading…[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." V.I. R. CIV. P. 15-1.[5] It is further:

**ORDERED** that the status conference scheduled for June 16, 2022 is **VACATED. And** it is further:

---

[5] *See supra*, footnote 2. Here, the Supreme Court has not directed that prior rules or practices will be applicable. Furthermore, given that Rule 15-1 of the Virgin Islands Rules of Civil Procedure sets for the form, filing, and effect of the amended pleadings, the Court does not find that applying the new rules would be infeasible or work an injustice. Thus, the Court finds that the Rule 15-1 of the Virgin Islands Rules of Civil Procedure applies here.

**ORDERED** that the **CAPTION IS AMENDED** to reflect Defendant "Virgin Islands

Government Hospitals and Health Facilities" in place of Defendant "Virgin Islands Hospitals and

Health Facilities" and all future filings shall so reflect.

**DONE and so ORDERED this** 21st **day of June, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: 6/21/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

Maura N. Herman,

          **Plaintiff**

v.

VI Hospital and Health Facilities D/B/A
et al,

          **Defendant.**

Case Number: **SX-2012-CV-00471**

Action: **Damages**

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To:** K. Glenda Cameron, Esq.          Royette V. Russell, Esq.

**Please take notice that on June 21, 2022**

a(n)        **Memorandum Opinion and Order**

      dated     **June 21, 2022**     was/were entered

      **by the Clerk in the above-titled matter.**

Dated:   June 21, 2022

                                    **Tamara Charles**
                                   **Clerk of the Court**

          By:

                                    **Janeen Maranda**
                                    **Court Clerk II**